Michael RANDLE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–90–339–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 9, 1991.

Rehearing Overruled May 30, 1991.

William M. Hicks, Dickinson, for appellant.

Warren Goodson, Jr., Galveston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

ROBERTSON, Justice.

Appellant was indicted for the felony offense of aggravated robbery and was convicted by a jury following a plea of not guilty. Punishment was assessed by the

jury at life imprisonment after finding both enhancement paragraphs of the indictment true. We affirm.

Appellant's sole point of error alleges that his trial counsel was ineffective since he failed to timely convey appellant's acceptance of the state's plea bargain offer. The motion for new trial, at which the state's prosecutor, the defense attorney and the appellant testified, presents the following sequence of events. In July 1989, appellant was indicted for the offense of aggravated robbery, and on October 10 of the same year, Ms. Criss (the prosecutor) made a plea bargain offer "of 35 years, nonaggravated" to Mr. Ewing (defense attorney). The case was continued on the court's docket through October and November because of a heavy caseload by both attorneys. On January 8, 1990 (the date the offer was originally set to expire), both attorneys agreed to extend the proposal until January 12, 1990. Ewing testified he understood that to mean by 5:00 p.m. of that day, but Criss asserted that the offer was agreed to expire before docket call on that date (approximately 9:00 a.m.). On January 12th, at approximately noon, Ewing attempted to accept the plea offer but was told that the deal had expired some hours earlier and that trial would begin the next week on the 16th. Appellant's testimony asserts that on at least four occasions, starting in November of 1989, he told Ewing to accept the offer.

A shorter version of the above facts was presented to the trial court on the morning of trial in the form of a pre-trial motion for protective order asking the court to reinstate the plea bargain. Ewing also filed a "Motion to Withdraw as Counsel of Record" stating "Due to recent events which occurred on January 12, 1990, it may be necessary for the Attorney for Defendant to act a witness in the above reference [sic] cause in regard to possible prosecutorial misconduct regarding the prosecution of this particular case." In neither motion did appellant assert that he would otherwise be denied effective assistance of counsel. The court denied the motions, and both parties went forward to trial under a plea of not guilty. At arraignment, the appellant did not further argue that his counsel had been ineffective or that the plea bargain arrangement had gone against his wishes. In addition, appellant signed a form electing to have the jury assess punishment.

The instant case presents unique allegations concerning ineffective assistance of counsel. Before trial began, appellant was aware that his counsel had missed a deadline and lost the opportunity of taking the state's offer of 35 years. This does not present us with ineffective counsel per se as in *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex.Crim.App.1987) since the offer was communicated to appellant. Appellant was aware of the offer as early as October of 1989 and wanted to negotiate it down to 30 years. Ewing testified that he was concerned about the state's ability to prove up at least one of the enhancements and wanted to research the issue further. Upon appellant becoming aware of this potential problem, he allegedly informed Ewing to do what he thought best in regards to the plea. Beyond the above facts, the prosecutor clearly indicated that on several occasions Ewing told her he wanted go to trial on the case.

Appellant relies heavily upon *Flores v. State*, 784 S.W.2d 579 (Tex.App.—Fort Worth 1990, pet. ref'd) which at first glance has very similar facts to the instant case. However, in *Flores* the defendant asked that his case be continued because of inadequate preparation by his attorney before entering his plea and specifically sought to discharge his lawyer. This is an important distinction from appellant's case in which he did not "object" to going forward with the trial and even requested jury-assessed punishment. A determination of effective assistance of counsel must not be based upon hindsight, *Bridge v. State*, 726 S.W.2d 558 (Tex.Crim.App.1986), and that is what appellant is asking this court to do. Without asking for a continuance or otherwise bringing to the court's attention any problems, the appellant plead not guilty to the charges and "not true" to the enhancement allegations. While appellant and his counsel, prior to trial, were

fully aware of the facts upon which the charge of ineffective assistance of counsel is now made, neither brought it to the attention of the trial judge when he could have easily solved the problem. For appellant to now come before this court and complain of something he knew prior to trial seems almost premeditated.

It is difficult for this court to reach beyond the fact that appellant allegedly knew about the ineffectiveness of his counsel prior to trial and yet did nothing about it. "[T]he accused cannot remain silent, gambling on his chances for a favorable verdict, and then, when the verdict has gone against him, raise objections which he knew of and which could have been raised during trial." *Cisneros v. State*, 747 S.W.2d 946, 948 (Tex.App.—San Antonio 1988, pet. ref'd); *Rogers v. State*, 640 S.W.2d 248, 264 (Tex.Crim.App.1982). Given the record before us, we hold that the appellant's actions and inactions amount to a waiver and lack of diligence in asserting ineffectiveness of counsel. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.