**Michael RANDLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 889–91.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 20, 1993.

Rehearing Denied Feb. 24, 1993.

William M. Hicks, Dickinson, for appellant.

Michael J. Guarino, Dist. Atty. and B. Warren Goodson, Jr., Asst. Dist. Atty., Galveston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with aggravated robbery. A jury convicted appellant of aggravated robbery after a plea of not guilty. Punishment was assessed by the jury at life imprisonment after finding both enhancement paragraphs of the indictment true. V.T.C.A. Penal Code § 12.42(c). The court of appeals affirmed the conviction. *Randle v. State*, 810 S.W.2d 791 (Tex.App.–Houston [14th District] 1991). This Court granted appellant's petition on his sole ground for review. That ground reads as follows: "The question in this case is whether [a defendant's] counsel has the same responsibility and the same degree of care to inform the State that his client has accepted the plea bargain offer as he has to convey that offer to the [defendant]." We granted the petition under the authority of Tex.R.App.Pro. 200(c)(1) and 200(c)(2). We reverse the judgment of the court of appeals and remand to the trial court.

In the cause before us, the prosecutor offered appellant, through his attorney, a plea bargain whereby in exchange for a plea of guilty, the prosecutor would recommend to the court a thirty five year sentence in the Institutional Division of the Texas Department of Criminal Justice with no affirmative finding regarding the use of a deadly weapon. Appellant's attorney responded to the offer with a counter proposal of thirty years instead of thirty five. The offer of thirty five years, non-aggravated, remained open and was to expire on January 8, 1990. The prosecutor and defense counsel later agreed to extend the offer until January 12, 1990.

On the day the plea offer was to expire, Friday, January 12th, 1990, defense counsel attempted to accept the plea approximately an hour after docket call ended, but the prosecutor told him the plea had expired at the end of docket call. Defense counsel testified at a pretrial hearing on a Motion for Protective Order and at a hearing on his Motion for New Trial that it was his understanding the offer was good until 5:00 p.m. Friday (January 12), which was the close of business at the District Attorney's office, and which he felt was normal procedure for plea bargains. The prosecutor testified at the hearing on the Motion for Protective Order that she had repeatedly told defense counsel earlier that week that she wanted appellant "pled, not just the offer accepted, but pled by Friday morning docket call". The prosecutor also testified that if defense counsel had made a good faith effort to accept the plea by the end of docket call, she would have accepted. Defense counsel did not show up at docket call; therefore, the plea offer was withdrawn. Defense counsel tried later in the day to get the prosecutor to reinstate the plea bargain, saying he had misunder-

stood the deadline. The prosecutor refused to reinstate the negotiation.

Before the trial commenced, defense counsel attempted to get the trial court to reinstate the plea bargain, via a Motion for Protective Order. Both defense counsel and the prosecutor testified before the court, explaining the situation regarding the plea offer and its withdrawal to the judge, *infra*. The motion was denied.

Appellant testified during a hearing on his Motion for New Trial that on at least five occasions he told his attorney that if the enhancements were "good", he would take the offer of 35 years. (Tr.Vol. IV–pg. 81). Defense counsel testified during the hearing on his Motion for Protective Order that:

> I went to the office of the District Attorney and was advised that at 10:00 o'clock or whenever docket call was done that the offer had been revoked and would not be reinstated. I told her at that time that my client had wanted to accept this plea offer and the only reason the delay had been was that I was doing research as to the, as to the enhancements. It was completely my choice at that time. My client had already said at that point that if the enhancement was proved to be in order and that if I thought that the—it was my choice at that time to do research on the enhancements, and I did. And I went back to my client. It was at that time that I should have relayed and did not get the opportunity to relay to the prosecutor that he was going to accept the offer.

(Tr.Vol. I–pgs. 3–4). During the hearing on the Motion for New Trial, defense counsel testified that:

> A. [W]hen we talked about the enhancements he said, he told me to do what I thought was best. And I said if the enhancements are good, this offer you should take it.
>
> Q. And he said he would?
>
> A. And he said, "If that's best, then *you do it.*" So, *the essence of your question* is did he ever come to me and say, "No, I just want to try this matter." No,

he left it up to me to check the enhancements.

(Tr.Vol. IV–pg. 45). The day before the offer's expiration day, defense counsel checked on the defendant's prior convictions at the district clerk's office, which is approximately "five steps" down the hall from the D.A.'s office. He testified he found the enhancements "good," but did not go into the District Attorney's office next door to accept the plea bargain.

> [I]t was at that time that I should have relayed and did not get the opportunity to relay to the prosecutor that he [defendant] was going to accept the offer. But my understanding was—and I would have been there that morning at docket call had I known the offer was going to expire at docket call instead of on 5:00 on Friday.

(Tr.Vol. I–pg. 4).

> [I] tell you, this man put his trust in me; and I put my trust in the District Attorney's Office that that offer was open till 5:00. I went in there on Friday—that morning I did not think that it was necessary to be at docket call on this case because I knew that he was going to take the plea because I had checked the pen packets and I had checked the priors and everything seemed to be in order. And I did not show at docket call because I knew I was going to accept the plea at that time. That's what Mr. Randle wanted me to do.

(Tr.Vol. IV–pg. 36).

> [I] knew after checking on the enhancements that I was at that point going to take the plea offer. That was my every intention, to take it the next day.

(Tr.Vol. IV–pg. 56). Appellant and defense counsel both testified at the Motion for New Trial hearing that appellant never indicated a desire to go to trial. The prosecutor testified that defense counsel indicated to her during plea negotiations that he did not think the enhancements were good, and the case might go to trial. Defense counsel testified that:

> "[B]ut as far as anticipating that there would be a trial and the further things you have to go through to prepare for

trial like, you know, contacting your witnesses and again to let them know it's coming to trial and things like that, I had not anticipated that I would be doing that in light of his authorization to take the plea if the enhancements were good."

(Tr.Vol. IV–pg. 57).

The trial court denied both the Motion for Protective Order and defense counsel's other motion to permit him to withdraw from the case. Defense counsel wanted to withdraw from the case because a) he did not think the defendant would want him to continue in light of his misunderstanding about the plea offer and because of b) the possibility he would be a witness to alleged prosecutorial misconduct on the "selective withdrawal of the plea offer." The trial went forward and appellant was sentenced to life imprisonment.

In his brief, appellant relies heavily on *Flores v. State*, 784 S.W.2d 579 (Tex.App.–Fort Worth 1980, pet. ref'd.). In *Flores*, the conviction was overruled on appellant's fourth point of error. The court held that:

[A]fter reviewing the record, we find that Flores was denied effective assistance of counsel because his attorney failed to inform the State of Flores' acceptance of the plea bargain offer made by the State.

The court of appeals attempts to distinguish the case at bar from *Flores* by saying that, unlike Flores, appellant did not object to going forward with the trial, and neither appellant nor his counsel brought to the attention of the trial judge the facts upon which the charge of ineffective assistance of counsel is now made.

The court of appeals said in their opinion that:

[I]n neither motion did appellant assert that he would otherwise be denied effective assistance of counsel. The court denied the motions, and both parties went forward to trial under a plea of not guilty. At arraignment, the appellant did not further argue that his counsel had been ineffective or that the plea bargain arrangement had gone against his wishes.

\* \* \* \* \* \*

He [appellant] did not "object" to going forward with the trial and even requested jury-assessed punishment.

\* \* \* \* \* \*

Without asking for a continuance or otherwise bringing to the court's attention any problems, the appellant plead not guilty to the charges and "not true" to the enhancement allegations. While appellant and his counsel, prior to trial, were fully aware of the facts upon which the charge of ineffective assistance of counsel is now made, neither brought it to the attention of the trial judge when he could have easily solved the problem. For appellant to now come before this court and complain of something he knew prior to trial seems almost premeditated.

\* \* \* \* \* \*

It is difficult for this court to reach beyond the fact that appellant allegedly knew about the ineffectiveness of his counsel prior to trial and yet did nothing about it.

\* \* \* \* \* \*

Given the record before us, we hold that the appellant's actions and inactions amount to a waiver and lack of diligence in asserting ineffectiveness of counsel.

*Randle*, 810 S.W.2d 791.

We find this to be an unsound basis to dispose of this case. It is clear from the testimony that appellant had authorized his defense counsel to accept the offer from the State if indeed the enhancements were good. Appellant and appellant's counsel did bring the facts of the plea situation to the attention of the court, both before trial in the form of a Motion for Protective Order, and after trial in the form of a Motion for New Trial. During the Motion for New Trial, defense counsel testified as follows:

Q. What was the purpose of this Motion for Protection [sic] Order.

A. Well, the purpose of it was to bring to the attention of the Court what had happened as far as the plea bargaining arrangement was concerned and let them

know that—let the Court know what the situation was.

While the motions did not use the phrase "ineffective assistance of counsel" as the court of appeals would have them do, *Randle*, 810 S.W.2d at 792, we find no requirement for appellant to have done so. Not only was appellant's claim apparent from the context, *see* T.R.A.P. 52(a), but we believe that under the facts of this case, error was firmly preserved by virtue of the context of the Motion for New Trial. Even if appellant and defense counsel had chosen to do nothing before or at the time of trial to bring to the trial court's attention the particulars of the plea agreement, there is no reason for appellant to have been required to specifically claim ineffective assistance of counsel at the time of trial. We do not require any defendant to risk alienating his trial lawyer by requiring the defendant to claim ineffective assistance of counsel at the time of trial. Further, because many errors by defense counsel are of a technical nature, the defendant may not even know errors by their trial lawyer are occurring, and cannot possibly object. Many times it is in the review of the record by the appellate attorney that errors of an ineffective assistance of counsel nature are discovered. The timely filed appeal to the court of appeals by appellant is a proper procedure for seeking relief.

Consequently, we disagree with the court of appeals concerning any waiver of the ineffective assistance of counsel issue [1] because 1) defense counsel brought the entire issue of the plea bargain history to the attention of the trial court at a pretrial hearing on a Motion for Protective Order, hence the trial court was fully aware of the circumstances surrounding what appellant raised on appeal as an ineffective assistance of counsel claim; and 2) the defendant cannot, by inaction at trial, waive the

right to make this type of claim. *See* discussion, *infra*.

■■■ Moving then to the merits of appellant's claim, this Court has determined that an accused is entitled to effective assistance of counsel during the plea bargaining process. *Ex Parte Battle*, 817 S.W.2d 81 (Tex.Crim.App.1991), *Ex Parte Wilson*, 724 S.W.2d 72 (Tex.Crim.App.1987). The proper standard for attorney performance is that of reasonably effective assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim. App.1986). Reasonably effective assistance includes a duty by defense counsel to inform his client of any plea offer by the State. *Wilson*, 724 S.W.2d at 74, *Hanzelka v. State*, 682 S.W.2d 385 (Tex.App.– Austin, 1984, no pet.), *United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435 (3d Cir. 1982). The questions we must answer now are as follows: does reasonably effective assistance also include a duty by defense counsel to communicate an accepted plea bargain to the State? If so, did defense counsel's representation in the case at bar meet the requirements of that duty, or conversely, fall below an objective standard of reasonableness? If deficient, did this deficient performance prejudice the defense? *Strickland*, supra, *Hernandez*, supra.

■■ It is the opinion of this Court that defense counsel does have a duty to communicate an accepted plea to the State in a timely manner, i.e., before the plea offer expires. We have held that defense counsel has a duty to communicate the plea offer to the defendant; this duty would have no point if the duty to communicate the acceptance of the plea offer to the State is not also in place.[2]

---

1. While appellant's petition before us does not expressly charge "ineffective assistance of counsel" by use of those "magic words", it is because, the way we read his petition for discretionary review, appellant skipped the general ineffective assistance of counsel complaint and went right to the specific reason counsel was ineffective. This Court reviews decisions of the court of appeals, and the decision before us for review is

a decision by the court of appeals on appellant's *point of error raising a claim of ineffective assistance of counsel.* Tex.R.App.Proc. 202(a).

2. *See* generally the discussions regarding guidelines on the issue of professional responsibility in *Wilson*, 724 S.W.2d at 73, 74 and *Hanzelka*, 682 S.W.2d at 386, 387.

In the case at bar, defense counsel erred when he did not meet the responsibility of communicating the acceptance of the plea offer to the State in a timely manner. While defense counsel testified he did not act in bad faith and that there was simply a miscommunication between himself and the prosecutor, his performance nonetheless fell below an objective standard of reasonableness. Appellant did not receive "reasonably effective assistance." The first prong of the *Strickland* standard to determine effective assistance of counsel has been met.

■ An error by counsel, however, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The second prong of the *Strickland* standard must be met, that standard being whether the deficient performance prejudiced the defense. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The prosecutor testified at the Motion for Protective Order that the State would have accepted a plea agreement of a sentence of thirty five years, with no aggravated element, had defense counsel communicated to the State in a timely manner that his client accepted the plea offer. Because of defense counsel's deficient performance, the plea offer was withdrawn and appellant went to trial, receiving a life sentence. The second prong of *Strickland* has been met.

Appellant's ground for review is sustained. The judgments of the court of appeals and trial court are reversed. This cause is remanded to the trial court.

McCORMICK, P.J., concurs in the result.

OVERSTREET, J., not participating.