NUMBER 13-99-375-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



ROEL BARREIRO , Appellant, 



v.

 

THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 370th District Court

 of Hidalgo County, Texas.

 ___________________________________________________________________ 



O P I N I O N

 

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Opinion by Justice Dorsey



 Appellant, Roel Barreiro, pleaded guilty to aggravated sexual assault. The trial court found that there was no plea-bargain
agreement between appellant and the State and assessed his punishment at seven years in prison. By six issues appellant
complains that he received ineffective assistance of counsel. We affirm. 

I. Factual Background

 Appellant was indicted for the aggravated sexual assault of F. S., a minor. On February 1, 1999 the State made a
plea-bargain offer to appellant's trial counsel. He communicated the offer to appellant, but appellant did not accept the
offer that day. Two days later the State withdrew the offer, and the case went to a jury trial. The evidence elicited at trial
showed that F. S. went to Mission Hospital for some tests related to a urinary-tract infection. Appellant, who worked at the
hospital, was to administer the tests to her. Appellant told her to take off her shorts. She took them off, along with her
underwear and laid down on a bed. At that point appellant inserted his finger into her vagina about three times. 

 Raul Gonzalez, an investigator with the Mission Police Department, took a statement from appellant. In this statement
appellant denied committing the offense. The statement was admitted into evidence during trial. 

 Over defense counsel's objection the trial court admitted the testimony of Laura Gonzalez, who testified about an
extraneous offense. Gonzalez testified that she was admitted into Mission Hospital for stomach pain. While she was in her
hospital bed appellant came into her room and performed a breast exam. Afterwards Gonzalez found out that there had
been no such exam ordered. 

 After Gonzalez's testimony had concluded, and the State had rested, appellant decided to waive the jury trial. He withdrew
his not-guilty plea and pleaded guilty before the trial court to aggravated sexual assault of F. S. The trial court assessed his
punishment at seven years in prison. 

 

Motion For New Trial

 Appellant filed a motion for new trial, alleging ineffective assistance of counsel. At the new trial hearing the testimony of
appellant's trial counsel, Charles Banker, showed the following: The case was set for trial on Monday, February 1, 1999. 
On that date the State offered a plea bargain in which (1) appellant would plea guilty to aggravated sexual assault without
the State's recommendation and (2) the trial judge would consider deferred adjudication, but if he believed that deferred
adjudication was inappropriate, he would let appellant withdraw his plea. Banker communicated the offer to appellant, but
appellant did not accept the offer that day. Instead appellant wanted to think about it. The case was reset for the following
Monday. However on Wednesday, February 3, 1999 Banker received word from the State that the offer was withdrawn. 
When Banker told appellant that the State had withdrawn the offer appellant said that he wanted to accept the offer. 

 Appellant testified that on February 1, 1999, he left court believing that the plea bargain would remain open. If he had
known that the State could withdraw the plea bargain at any time he would have accepted it. 

 The evidence developed at the new trial hearing did not show that the State, as part of the plea bargain, had required
appellant to accept the offer by a certain date. The evidence also did not show that the State had agreed to leave the plea
bargain open for any definite period of time. After hearing the evidence the trial court overruled the motion for new trial. 
On September 8, 1999, the trial court gave appellant permission to appeal the case, 

II. Standard of Review

 To prevail on a claim of ineffective assistance of counsel the defendant must show (1) deficient performance, and (2)
prejudice. Kober v. State, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999). SeeStrickland v. Washington, 466 U.S. 668
(1984). In the context of guilty pleas the first part of the Strickland test requires the defendant to show that counsel's
performance fell below an objective standard of reasonableness under prevailing professional norms. See Strickland, 466
U.S. at 688; Hill v. Lockhart, 474 U.S. 52, 57 (1985). In order to satisfy the second part of the Strickland test with respect
to a guilty plea the defendant has to show a "reasonable probability that, but for counsel's errors, he would not have pleaded
guilty and would have insisted on going to trial. Hill, 474 U.S. at 60; Kober, 988 S.W.2d at 232. A defendant's election to
plead guilty when based upon erroneous advice of counsel is not done voluntarily and knowingly. See Ex parte Battle, 817
S.W.2d 81, 83 (Tex. Crim. App. 1991). 

 When a claim of ineffective assistance of counsel is reviewed on appeal an appellate court must indulge a strong
presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and the appellant
must overcome the presumption that the challenged conduct can be considered sound trial strategy. See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An ineffectiveness claim cannot be demonstrated by isolating one portion of
counsel's representation. McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1993). Thus in determining whether
the Strickland test has been met counsel's performance must be judged on the totality of the representation. Strickland, 466
U.S. at 670. UnderStrickland the accused must prove ineffective assistance by a preponderance of the evidence. Cannon v.
State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). 

III. Analysis

 By issues one and two appellant asserts that he received ineffective assistance of counsel because his trial counsel did not
tell him that the State could withdraw the plea bargain at any time, which rendered his guilty plea involuntary. He argues
that because counsel did not properly advise him on this issue he failed to timely accept the offer. This resulted in a prison
sentence instead of deferred adjudication, if the court had decided that deferred adjudication was appropriate. 

 An accused is entitled to effective assistance of counsel during the plea-bargaining process. Randle v. State, 847 S.W.2d
576, 580 (Tex. Crim. App. 1993). Failure of defense counsel to inform an accused of plea offers made by the State is an
omission that falls below an objective standard of professional reasonableness. Ex parte Lemke, 13 S.W.3d 791, 795 (Tex.
Crim. App. 2000). See Ex parte Wilson, 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1987). Further reasonably effective
assistance of counsel includes a duty to communicate an accepted plea to the State in a timely manner; i.e., before the plea
offer expires. Randle, 847 S.W.2d at 580. 

 The question we must answer is whether effective assistance of counsel requires an attorney in a criminal case to advise
the accused that the State can withdraw a plea bargain at any time when the State has not set a deadline for the accused to
accept the plea bargain. We hold that counsel does not have such a duty. 

 In Ex parte Wilson, supra, the court of criminal appeals considered for the first time whether an attorney's failure to inform
his client of a plea-bargain offer constituted ineffective assistance under the Sixth Amendment to the U.S. Constitution. In
reaching its conclusion the court relied primarily on Ethical Considerations 7-7 and 7-8, "The Defense Function,"(1) which
contains standards of conduct for defense attorneys and standards pertaining to plea bargains, and The ABA Standards for
Criminal Justice.(2) The court concluded that the failure of counsel to advise the accused of a plea-bargain offer constituted
ineffective assistance of counsel. Wilson, 724 S.W.2d at 74-75. 

 The context of Ethical Considerations 7-7 and 7-8 is found in Texas Disciplinary Rules of Professional Conduct 1.02 and
1.03. These rules do not specifically mention plea bargains; however, Comment 2 to Rule 1.02 states: 

 Except where prior communications have made it clear that a particular proposal would be unacceptable to the client, a
lawyer is obligated to communicate any settlement offer to the client in a civil case, and a lawyer has a comparable
responsibility with respect to a proposed plea bargain in a criminal case. 



(emphasis added). Comment 1 to Rule 1.03 states: "A lawyer who receives from opposing counsel . . . a proffered plea
bargain in a criminal case should promptly inform the client of its substance. . . ." (emphasis added). These comments
considered along with the authorities relied upon by the Wilson Court show that defense counsel should promptly
communicate to the accused the substance of all plea-bargain offers. They do not require or suggest that counsel must
advise the accused that the State can withdraw a plea bargain at any time. Thus we conclude that defense counsel does not
have a duty to advise the accused that the State can revoke the plea bargain at any time so long as the substance of the plea
bargain does not require the accused to accept the offer by a specific date. In the instant case the evidence developed at the
new trial hearing showed that trial counsel communicated the substance of the plea bargain to appellant. The evidence does
not show that the State had required appellant to accept the plea bargain by a certain date,(3) or that the State had agreed to
leave the plea bargain open for a specific time period. We hold, therefore, that trial counsel's performance during the
plea-bargain stage did not fall below an objective standard of reasonableness under prevailing professional norms.(4) See
Hill, 474 U.S. at 57; Strickland, 466 U.S. at 688. Appellant has not met the first prong of the Strickland standard. We
overrule points one and two.

By points three and four appellant asserts that he received ineffective assistance of counsel because his trial counsel did not
advise him of the ramifications of electing the trial court to assess punishment. Appellant argues that he was not aware of
the distinction between eligibility for probation from either the trial court or the jury.

Appellant's trial counsel testified at the new trial hearing that he had told appellant that if the jury found him guilty as
alleged in the indictment the trial court could not give him either deferred adjudication or probation. Counsel also told him
that if he was found guilty as alleged in the indictment, only the jury could give him probation. Knowing this appellant
elected that the trial court set punishment. Counsel said that he and appellant had discussed other issues in deciding
whether to select the judge or jury for punishment. We conclude the evidence shows that trial counsel explained to
appellant the ramifications of electing the trial court to assess punishment. We hold, therefore, that counsel's performance
did not fall below an objective standard of reasonableness under prevailing professional norms. See Hill, 474 U.S. at 57;
Strickland, 466 U.S. at 688. Appellant has not met the first prong of the Strickland standard. We overrule points three and
four.

By points five and six appellant asserts that he received ineffective assistance of counsel because his trial counsel did not
tell him that a plea of guilty to the trial court would waive all nonjurisdictional defects. He argues that his plea was
involuntary because he pleaded guilty believing that he could appeal the admission of the extraneous offense. During the
new trial hearing trial counsel indicated that he discussed the possibility of appealing the ruling on the extraneous offense
evidence before appellant decided to plead guilty. He also testified that he advised appellant that by pleading guilty, he
would essentially forfeit his rights to appeal. While he did not explain the particulars such as the fact that only
jurisdictional matters would be appealable after a guilty plea, trial counsel testified that he told appellant "[Y]ou understand
that you're -- you're essentially not going to be able to appeal the case now once you enter a plea of guilty."

Thus the record establishes the opposite of appellant's ineffectiveness claim on this point. All indications are that he was
adequately informed of the ramifications to an appeal of his guilty plea. We hold, therefore, that counsel's performance did
not fall below an objective standard of reasonableness under prevailing professional norms. See Hill, 474 U.S. at 57;
Strickland, 466 U.S. at 688. Appellant has not met the first prong of the Strickland standard. We overrule points five and
six.

We affirm the trial court's judgment.



 

J. BONNER DORSEY, 

Justice 



Concurring opinion by Justice Linda Reyna Yañez. 



Do not publish . 

Tex. R. App. P. 47.3(b). 



Opinion delivered and filed 

this 31st day of August, 2000. 

1. The court referred to Standard 4-6.2, which provides: "In conducting discussions with the prosecutor the lawyer should
keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated
promptly to the accused." 

 The commentary to this standard states: 

 Because plea discussions are usually held without the accused being present, the lawyer has the duty to communicate fully
to the client the substance of the discussions. 

 It is important that the accused be informed of proposals made by the prosecutor; the accused, not the lawyer, has the right
to decide on prosecution proposals, even when a proposal is one that the lawyer would not approve. If the accused's choice
on the question of guilty plea is to be an informed one, the accused must act with full awareness of the alternatives,
including any that arise from proposals made by the prosecutor.

2. The court quoted 4.6-2(a), which states: "In conducting discussions with the prosecutor the lawyer should keep the
accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly
to the accused."

3. Appellant's motion for new trial states, "There was no specific deadline that was placed upon this plea offer."

4. If the plea bargain in this case had included a caveat that appellant had to accept it by a certain date, trial counsel would
have fallen short of his duty by not communicating the substance of the offer to appellant.


 * * * * * * * * * * * *






NUMBER 13-99-375-CR

 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI

 ___________________________________________________________________ 



ROEL BARREIRO Appellant, 



v.

 

THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 370th District Court of Hidalgo County, Texas. 

___________________________________________________________________ 



CONCURRING OPINION

 

Before Chief Justice Seerden and Justices Dorsey and Yañez 

Concurring Opinion by Justice Yañez

 

 I concur with the result of the majority, but write separately because I believe a criminal defense lawyer should inform his
client that a plea bargain offered without a stated time for acceptance may be withdrawn at any time. 

 The court of criminal appeals has held that failing altogether to inform a client of a plea offer constituted ineffective
assistance of counsel, see Wilson, 724 S.W.2d at 74; and the majority states in dictathat, if the offer in this case had
included a caveat that it had to be accepted by a certain date, trial counsel would have fallen short of his duty by not
communicating the deadline. I believe that, where no deadline is included with the offer, reasonably effective assistance of
counsel must include warning the client that the State has not agreed to hold the offer open for any specified period, and
that the offer can be withdrawn at any time. Many clients will not be familiar with legal proceedings, and, like the
appellant in this case, may not anticipate that the State might withdraw its offer. The criminal defendant depends on the
knowledge and experience of his counsel to protect him against these kinds of pitfalls. I would hold that, by failing to warn
appellant that the State's offer might be withdrawn, trial counsel's performance fell below the standard of reasonableness
under prevailing professional norms. See Strickland, 466 U.S. at 688. 

 Nevertheless, due to the nature of the State's offer in this case, I would hold that appellant has failed to show a reasonable
probability that, but for counsel's errors, the result of the proceeding would have been different. See id. at 694. The
agreement offered in this case was (1) appellant would plead guilty to aggravated sexual assault without a punishment
recommendation from the State, and (2) the trial judge would consider deferred adjudication, but if the judge believed
deferred adjudication was inappropriate, the judge would let appellant withdraw his plea. 

 It is not apparent how accepting this plea "bargain" would have provided any meaningful benefit to appellant. The State
was to make no punishment recommendation. The trial judge would have been authorized to consider deferred
adjudication with or without this agreement. See Tex. Code Crim. Proc. Ann. art. 42.12 § 5(d) (Vernon Supp. 2000). 
Because the trial judge chose not to grant appellant deferred adjudication, I conclude that the trial judge believed deferred
adjudication was inappropriate. Assuming the trial judge would have agreed to allow appellant to withdraw his plea,
appellant would have been put back in the precise position he found himself after the offer was withdrawn - deciding
whether to enter an open plea of guilty, or to plead not guilty and force the case to trial. The record does not indicate a
reasonable probability that, had appellant been able to accept this plea offer before it was withdrawn, the result of the
proceeding would have been any different. 



_______________________ 

LINDA REYNA YAÑEZ 

Justice 



Publish. Tex. R. App. P. 47.3. 



Dissenting Opinion delivered and filed 

this the 31st day of August, 2000.