# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00681-CR

**Efren Tomas Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BRAZORIA COUNTY, 23RD JUDICIAL DISTRICT
NO. 35,455, HONORABLE J. RAY GAYLE, III, JUDGE PRESIDING**

Appellant Efren Martinez was indicted for the offense of aggravated robbery. *See* Tex. Penal Code Ann. § 29.03(a)(2) (West 1994). After Martinez pled guilty to the offense, a jury assessed punishment at twenty years' confinement and a fine of $110. Appellant raises one issue on appeal contending that he received ineffective assistance of counsel. We will affirm the judgment of conviction.

After appellant was convicted and sentenced, he filed a motion for new trial contending that he received ineffective assistance of counsel because his trial attorney failed to timely convey to the court and to the prosecutor his acceptance of the prosecutor's plea bargain offer of twelve years, aggravated. The district court held a hearing on the motion.

At the hearing, appellant testified during direct examination that on January 6, 1999, his attorney informed him that the prosecutor offered him a plea bargain of twelve years in prison,

aggravated. Appellant right away told his attorney that he did not want to take the plea bargain. According to appellant, his attorney then told him, "[T]hat is just the best offer [you] will get; and if [you] don't take it now, they will go up higher." Appellant testified his attorney then told him, "I will tell you what. I will talk it over with the DA and we will come back next week. It will be all right to come back next week." Appellant testified that he then told his attorney, "Man, I've got to call my house and told [sic] them what happened that I only have a week left to decide on whether or not to take it." Appellant testified that his attorney did not get back to him that next week. He testified that if his attorney had gotten back with him during that week he would have told his attorney that he wanted to take the proffered plea bargain. Appellant also testified that he wrote two letters to his attorney and asked his family to contact his attorney. The record, however, does not reflect when appellant wrote the letters or what he asked for in the letters. During cross-examination, appellant testified that he turned down the plea bargain because he wanted probation. Appellant testified that he told his attorney to tell the prosecutor that he would agree to five years but that he did not want twelve years.

Appellant's trial attorney testified that immediately upon hearing about the prosecutor's offer of the twelve-year-aggravated plea bargain, appellant turned it down. Contrary to appellant's testimony, he stated that he did not tell appellant he had a week to consider the plea offer.

Appellant's mother testified that she attempted several times to contact her son's attorney. Again though, nothing in the record reflects when she attempted to do so or what she would have asked the attorney.

2

The prosecutor testified that at the pretrial conference he offered appellant a plea bargain of twelve years, aggravated, "take it or leave it." According to notes the prosecutor made during the pretrial hearing, appellant rejected the offer immediately. Also according to those notes, appellant and his attorney told him that they would advise him within one week if they were going to accept the offered plea bargain. Based on these notes, the prosecutor testified that he must have left the plea bargain offer open for one week despite appellant's rejection of the offer at the pretrial conference. The district court overruled appellant's motion for new trial.

To prevail on a claim of ineffective assistance of counsel a defendant must show (1) deficient performance, and (2) prejudice. *Kober v. State*, 988 S.W.2d 230, 232 (Tex. Crim. App. 1999); *see Strickland v. Washington*, 466 U.S. 668 (1984). When a claim of ineffective assistance of counsel is reviewed on appeal the appellate court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, and appellant must overcome the presumption that the challenged conduct can be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). An ineffectiveness claim cannot be demonstrated by isolating one portion of counsel's representation. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1993). In determining whether the *Strickland* test has been met, counsel's performance must be judged on the totality of the representation. *Strickland*, 466 U.S. at 670.

An accused is entitled to effective assistance of counsel during the plea-bargaining process. *Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993). Failure of defense counsel to inform an accused of plea offers made by the State is an omission that falls below an objective standard of professional reasonableness. *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App.

3

2000); *see Ex parte Wilson*, 724 S.W.2d 72, 73-74 (Tex. Crim. App. 1987). Further, reasonably effective assistance of counsel includes a duty to communicate an accepted plea to the State in a timely manner before the plea offer expires. *Randle*, 847 S.W.2d at 580.

In considering a motion for new trial, the trial court has broad discretion in assessing the credibility of the witnesses and in weighing the evidence. *Weaver v. State*, 999 S.W.2d 913, 916 (Tex. App.—Waco 1999, no pet.); *Morris v. State*, 696 S.W.2d 616, 620 (Tex. App.—Houston [14th Dist.] 1985), *aff'd*, 739 S.W.2d 63 (Tex. Crim. App. 1987). The trial court is not required to accept as true the testimony of the accused or any witnesses even if it is uncontradicted. *Reissig v. State*, 929 S.W.2d 109, 113 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

Appellant contends that his attorney failed to communicate to the court and the prosecutor his acceptance of the twelve-year-aggravated plea bargain. The record does not support appellant's contention. The record reflects that unlike the defendant in *Randle*, appellant never told or attempted to tell his attorney during the week following the pretrial conference that he wanted to accept the twelve-year-aggravated plea bargain. *See* 847 S.W.2d at 580. In fact, the record reflects that he told his attorney that he rejected the plea bargain because he wanted probation. Additionally, while appellant and his mother testified that they tried to contact appellant's attorney, they did not testify about when they made those attempts or to what aspect of appellant's case their attempts were related. The *Lemke* and *Wilson* cases cited by appellant also are not controlling because those cases addressed situations when defense attorneys utterly failed to inform the defendants they represented that the prosecutors had offered them a plea bargain. 13 S.W.3d at 795; 724 S.W.2d at 73-74. Here,

4

the record reflects that appellant's attorney informed appellant about the plea bargain and appellant rejected it.

We hold that the district court did not abuse its discretion in overruling appellant's motion for new trial. Appellant's issue is overruled and the judgment is affirmed.

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   June 7, 2001

Do Not Publish

5