

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-367-CR

PATRICK HENRY MURPHY                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Patrick Henry Murphy appeals the trial court's adjudication of guilt after finding that he violated conditions of his deferred adjudication community supervision. In two points, Murphy argues that he was denied due process of law and deprived of the Sixth Amendment right to counsel in the community supervision revocation process. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual And Procedural Background

Murphy was charged by indictment with evading arrest in a motor vehicle. Pursuant to a plea bargain, the trial court placed him on four years' deferred adjudication community supervision and assessed a $400 fine. The State subsequently petitioned the court to proceed to adjudication, alleging that Murphy had violated the terms and conditions of his community supervision by (1) committing a new offense by falsifying drug test results; (2) illegally using a controlled substance fifteen times; (3) violating the trial court's order to submit non-diluted urine for testing by attempting to falsify his urine specimen; and (4) failing to successfully complete substance abuse evaluation and treatment.

At the hearing on the petition to proceed to adjudication, the State moved to proceed based on paragraphs one and two. Murphy pleaded true to both paragraphs, admitting that he falsified a drug test by providing another person's urine for testing and that he used illegal drugs during his community supervision period. The trial court found Murphy had violated the terms of his community supervision as set out in paragraphs one and two of the State's amended petition, adjudicated him guilty, revoked his community supervision, and assessed his punishment at fifteen months' imprisonment.

### III. Denial of Due Process of Law and Deprivation of Sixth Amendment Right to Counsel

In two points, Murphy argues that he was denied due process of law by being denied the opportunity to talk with counsel before accepting a "plea bargain" agreement and was deprived of the Sixth Amendment right to counsel in the probation revocation process because the probation officer refused to allow him to consult with counsel before accepting a "plea bargain" offer.

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Right to counsel, under the Sixth Amendment, attaches at the initiation of adversary judicial proceedings, which may be initiated by way of formal charge, preliminary hearing, indictment, information, or arraignment. *United States v. Gouveia,* 467 U.S. 180, 187–89, 104 S. Ct. 2292, 2297–98 (1984); *Green v. State,* 872 S.W.2d 717, 719 (Tex. Crim. App. 1994). "[A]ppointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected." *Mempa v. Rhay*, 389 U.S. 128, 134, 88 S. Ct. 254, 257 (1967). Thus, a defendant is entitled to effective assistance of counsel during the plea bargain process. *See Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 370–71 (1985); *Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993). In addition, a lawyer must be afforded at a revocation of probation hearing or a deferred sentencing hearing. *Mempa*, 389 U.S. at 137, 88 S. Ct. at 258.

3

However, not every event following the inception of the adversary judicial proceedings is a "critical stage" that requires the presence of counsel under the Sixth Amendment. *Green,* 872 S.W.2d at 720. In assessing whether a particular stage is critical, we examine the event to determine whether the accused required aid with legal problems or assistance in meeting his adversary. *United States v. Ash,* 413 U.S. 300, 313, 93 S. Ct. 2568, 2575 (1973); *Green,* 872 S.W.2d at 720.

Here, Murphy and his attorney signed the written plea admonishments, indicating that Murphy's counsel assisted him during the plea bargain process. In addition, counsel represented Murphy at the revocation hearing. Murphy argues that his right to counsel was denied by his probation officer during his community supervision period. Specifically, Murphy testified that his probation officer, Pamela Price, had offered him treatment at an intermediate treatment facility after she told him that he had been kicked out of the Center for Therapeutic Change. Murphy told Price that he wanted to speak to counsel before deciding; however, she said she would take her offer off of the table if Murphy did not accept it then.

Murphy analogizes this incident to a situation in which the State offers a plea bargain but the defense attorney does not communicate the offer to defendant. In such a situation, a defendant is allowed the opportunity to accept the plea when the offer is finally disclosed. Continuing his argument, Murphy contends that the trial court should have allowed him the opportunity to accept treatment at an intermediate treatment facility during the revocation hearing, after exercising his right to speak with counsel. However, Murphy cites no case law, and we find none, holding that

4

a defendant has the right to counsel when speaking with his probation officer. Thus Murphy's analogy fails.

In addition, the State did not move to adjudicate guilt based on Murphy's failure to complete his drug treatment requirement. Instead, the State proceeded on two other violations, to which Murphy pleaded true. The trial court found that Murphy had violated the two conditions and adjudicated him guilty.

An appellant may challenge the trial court's determination to proceed with an adjudication of guilt on the original charge in the same manner as in a revocation hearing conducted "in a case in which an adjudication of guilt had not been deferred." Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd). A plea of true, standing alone, is sufficient to support the revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

Therefore, Murphy's plea of true to the two violations on which the trial court ultimately revoked his community supervision was sufficient to support the revocation. Thus, even if we were to find that Murphy had a right to counsel in deciding whether to begin treatment at a new drug facility after failing to complete the first program as part of the conditions of his community supervision, the issue is moot. Regardless of whether Murphy spoke with his attorney, or entered into a new treatment program, there was sufficient evidence to revoke Murphy's community supervision and adjudicate him guilty based on two other violations. Therefore, Murphy's substantial rights were not affected when he was denied counsel during a meeting with his probation officer. Murphy was simply meeting with his probation officer as required by the terms of his community supervision. *See Ash,* 413 U.S. at 313, 93 S. Ct. at 2575; *Green,* 872 S.W.2d at 720. We overrule Murphy's two points.

## IV. Conclusion

Having overruled Murphy's two points of error, we affirm the trial court's judgment.

CHARLES BLEIL
JUSTICE

PANEL: MCCOY and MEIER, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 19, 2010

6