

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,553-01

### EX PARTE ALONZO RESHAWN PRIMUS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 13606-A IN THE 29TH DISTRICT COURT FROM PALO PINTO COUNTY

*Per curiam.*

### O R D E R

Applicant originally pleaded guilty to possession with intent to deliver a controlled substance and received deferred adjudication community supervision. He was later adjudicated guilty and sentenced to forty years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Primus v. State*, No. 11-17-00284-CR (Tex. App. — Eastland April 19, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that his adjudication counsel was ineffective for failing to convey Applicant's acceptance of a six-year plea offer in exchange for his plea of true at adjudication, and failing to ensure that Applicant was timely brought to court to enter his plea and

complete the adjudication proceedings. Applicant's adjudication counsel has submitted an affidavit responding generally to Applicant's allegations, but that affidavit is not sufficient to address Applicant's claims.

According to Applicant, the amended motion to adjudicate that resulted in his eventual adjudication was filed by the State on April 1, 2016, after Applicant was arrested for new offenses in Collin County. Applicant submits a copy of a hand-written plea offer dated June 1, 2016, for six years' imprisonment in exchange for his plea of true at adjudication. According to Applicant, he told adjudication counsel immediately that he wanted to accept the offer. According to adjudication counsel's affidavit, Applicant received and declined a five-year plea offer in open court while both adjudication counsel and the prosecutor were present. However, the habeas record does not contain a written plea offer for five years, or a transcript of the proceeding at which Applicant declined such offer. Applicant was unable to attend multiple court settings in this case because he was arrested for charges in both Tarrant and Collin Counties.

Applicant alleges that he believed that the six-year offer remained open, and was not aware that the offer was withdrawn when the newly-elected District Attorney took office in January of 2017. Applicant alleges that he pleaded guilty to charges in Collin County (which were alleged as violations of the terms of his deferred adjudication community supervision in this case) on May 25, 2017, only because he believed he already had an open offer of six years in this case, and would therefore serve his eight-year sentences for the Collin County offenses concurrently. However, Applicant was sent to TDCJ to begin serving his Collin County sentences, and was not brought back to Palo Pinto County for the adjudication proceedings in this case until he filed a *pro se* motion for a bench warrant in September of 2017. According to Applicant, he was not aware until that time

that the six-year offer was no longer available. Because he had already admitted to committing the new offenses in Collin County, Applicant believed that it would be futile to dispute the motion to adjudicate. He pleaded true without an agreed recommendation, and received a forty-year sentence.

Applicant alleges that adjudication counsel should have immediately conveyed his acceptance of the six-year plea offer to the State, and should have taken steps to ensure that he was brought before the court to complete the adjudication proceedings. Applicant alleges that had he known that the six-year offer was no longer available, he would not have pleaded guilty to the Collin County cases, but would have disputed both those charges and the adjudication in this case.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013); *Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the trial prosecutor to provide an affidavit detailing any plea offers that were made in exchange for Applicant's plea of true in this case, the date(s) upon which any such offers were made, whether Applicant declined any such offers in writing or in open court, whether any such offers were only open for a specified time, and the date(s) upon which any such offers were withdrawn.

The trial court shall order adjudication counsel to submit another affidavit, stating the date(s) upon which any plea offers were conveyed to Applicant and the date(s) upon which any such offers were declined in open court or in writing. If any plea offers were specifically open for a limited time, adjudication counsel shall state whether Applicant was advised of this fact. Adjudication counsel shall state whether there was any plea offer open at the time the new District Attorney took office in January of 2017, and whether he took any steps to have Applicant brought back to Palo Pinto

County to dispose of the adjudication in this matter before that time. Adjudication counsel shall state whether he advised Applicant that there was or was not a plea offer open before Applicant pleaded guilty to the Collin County charges on May 25, 2017. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall supplement the habeas record with copies of the transcripts of any hearings at which Applicant declined a plea offer on the record, or any written documents showing that Applicant declined a plea offer for his plea of true at adjudication in this case. The trial court shall make findings of fact and conclusions of law as to whether adjudication counsel's performance was deficient and whether Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 16, 2022
Do not publish