**Ex parte Gary L. STRONG.**

**No. 42524.**

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Reagan R. Huffman, Marshall (Court-appointed), for appellant.

Charles A. Allen, Dist. Atty., Marshall, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., and in accordance with the holding in Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. The petitioner is confined in the Texas Department of Corrections under sentence in Cause No. 19,890 of the 71st Judicial District Court of Harrison County, Texas, dated June 10, 1964, ordering his confinement for life for the capital offense of robbery by assault with a firearm.

The present Judge of the 71st District Court, the Honorable John Furrh, held an evidentiary hearing on the post conviction application for habeas corpus and correctly concluded that a life sentence is not included as a punishment for robbery by assault with a firearm under the express provisions of Article 1408, Vernon's Ann. P.C., and that the life sentence assessed against this petitioner was void.

Judge Furrh further found that as of April 23, 1969, the petitioner had been given credit on said sentence for 8 years, 7 months and 10 days.

That part of the sentence in excess of the minimum punishment of five years provided by Article 1408, supra, for the offense of robbery by assault with a firearm is void, and the petitioner is entitled to release from further confinement under the sentence entered in said Cause No. 19,890. Ex parte Collier, Tex.Cr.App., 440 S.W.2d 854 and cases there cited.

Judge Furrh also found and concluded that the petitioner had served the 7 year concurrent sentences for forgery in Cause Nos. 19,942, 19,943, 19,945, 19,948, 19,949 and 19,950 from the 71st District Court. He did find that petitioner is still confined by virtue of a 25 year sentence in Cause No. 19,894 for robbery and a 7 year sentence in Cause No. 19,944 for forgery, which was made cumulative of the sentence in said Cause No. 19,894.

It should here be noted, however, that the "concurrent sentence doctrine" does not prevent this Court from reaching the question of the validity of petitioner's confinement for life as a result of the conviction in said Cause No. 19,890. See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

Relief under the writ is granted and petitioner is ordered released from further confinement by virtue of the sentence imposed in said Cause No. 19,890.

It is so ordered.