Eliseo FLORES, Appellant,

v.

The STATE of Texas, State.

No. 2–88–193–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 14, 1990.

Alley & Alley, and Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and J. Rex Barnett, Asst. Fort Worth, for State.

Before LATTIMORE, MEYERS and DAY, JJ.

OPINION ON PETITION FOR
DISCRETIONARY REVIEW

DAY, Justice.

On December 20, 1989, we handed down an opinion in this cause. After a petition

for discretionary review was filed with this court and in accordance with TEX.R. APP.P. 101, we withdraw our prior opinion and judgment and substitute this opinion and judgment.

■ Appellant was indicted on the charge of robbery causing bodily injury under TEX. PENAL CODE ANN. sec. 29.-02 (Vernon 1989). He waived trial by jury and entered a plea of guilty to the robbery charge and true to two enhancement paragraphs. The court accepted his pleas and sentenced Flores to life imprisonment in the Texas Department of Corrections. On appeal, he raised four points of error, all of which are based upon his contention that he was denied effective assistance of counsel. Specifically, Flores attacks his plea of guilty on the ground of ineffective counsel by contending: (1) the trial court erred in overruling his motion for new trial which alleged ineffective counsel; (2) the trial court erred in denying a motion of continuance based on the inability of his counsel to adequately represent him at trial; (3) the trial court erred in overruling his oral motion to dismiss trial counsel for failure to timely communicate his acceptance of the State's plea offer before the offer expired; and (4) he was denied effective assistance of counsel because counsel failed to communicate his acceptance of the State's plea offer of ten years imprisonment. After reviewing the record, we find that Flores was denied effective assistance of counsel because his attorney failed to inform the State of Flores' acceptance of the plea bargain offer made by the State.

■ In determining whether a defendant has received effective assistance of counsel, a court must look to the totality of the representation at the time of trial and not through hindsight. *Bridge v. State*, 726 S.W.2d 558 (Tex.Crim.App.1986). Moreover, it is well established that a criminal defendant is entitled to effective assistance of counsel during the plea bargaining process as well. *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex.Crim.App.1987). All plea bargain offers should be communicated promptly to the accused. *Id.* at 74.

The U.S. Supreme Court has established a two-prong test when evaluating claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To successfully assert a claim, the defendant must show that:

1. Counsel's representation fell below an objective standard of reasonableness; and,

2. The defendant was prejudiced as a result of counsel's deficient performance.

*Id.* 466 U.S. at 687, 104 S.Ct. at 2064. This test has been adopted in Texas. *Butler v. State*, 716 S.W.2d 48 (Tex.Crim.App.1986).

In the *Wilson* case, cited above, the Court of Criminal Appeals determined that counsel's failure to inform his client of a plea bargain offer by the State fell below the objective standard of reasonableness which caused prejudice against the defendant and was, therefore, ineffective assistance of counsel. *Wilson*, 724 S.W.2d at 74.

Before entering his guilty plea, Flores asked that his case be continued because of inadequate preparation by his attorney. He also sought to discharge his attorney for failure to prepare for trial. Both Flores and his attorney testified that although he had decided to accept the State's offer of ten years imprisonment, his attorney failed to communicate his acceptance of the State's offer prior to the expiration of the offer. Specifically, Flores' attorney testified as follows:

Q: Your client never communicated to you and you never communicated to any assistant District Attorney that your client, before May 14th of 1988, would have accepted that 10 year offer?

A: I believe that my client had communicated to me he would accept the 10 year offer; however, I failed to communicate to you his acceptance of that offer, and I set the case for contest.

Flores testified, as follows:

Q: Your testimony is that the first time you ever got a 10 year offer was when?

A: In April. I believe it was April. That's when my lawyer conveyed to me.

Q: What lawyer are we talking about now?

A: Kim.

Q: Before or after the parole revocation hearing?

A: That was before.

Q: Before?

A: Yes, sir.

Q: And you rejected it, didn't you?

A: No, sir. I have accepted it.

Q: When was it that you accepted it?

A: I told her that I was willing to take it, I think it was—it was in April. I think it was before our pretrial or right at the pretrial.

Flores was subsequently assessed life in the Texas Department of Corrections as his punishment.

■ We have no difficulty in concluding that the first prong of the *Strickland* test was met. Counsel's representation of Flores clearly fell below an objective standard of reasonableness under prevailing professional norms. A defense attorney has an obligation to fully advise his client of the terms and desirability of plea offers extended by the State. *Wilson*, 724 S.W.2d at 73–74; *Pennington v. State*, 768 S.W.2d 740 (Tex.App.—Tyler 1988, no writ), citing STATE BAR OF TEXAS, ETHICAL CONSIDERATIONS ON CODE OF PROFESSIONAL RESPONSIBILITY EC 7–7, EC 7–8 (1988). Likewise, we hold that a defense attorney also has an obligation to communicate to the State his client's acceptance of a plea offer and counsel's failure to communicate that acceptance to the State constitutes *per se* ineffective assistance of counsel.

The record before us clearly indicates that the second prong of the *Strickland v. Washington* test is satisfied as well. Had trial counsel bothered to communicate Flores' acceptance of the State's plea offer prior to the May 14, 1988 deadline, his acceptance would obviously have prevented the trial court's imposition of the life sentence.

■ Counsel's deficient performance in this case constituted ineffective assistance of counsel under the two prong test of *Strickland v. Washington* cited above.[1] Just as a defense attorney has an obligation to fully advise his client of the terms and desirability of a plea bargain extended by the State, we hold that he also has a concomitant obligation to communicate the acceptance of such plea bargain to the State. *See Ex parte Wilson*, 724 S.W.2d 72 (Tex.Crim.App.1987); *Pennington v. State*, 768 S.W.2d 740 (Tex.App.—Tyler 1988, no writ); STATE BAR OF TEXAS, ETHICAL CONSIDERATIONS ON CODE OF PROFESSIONAL RESPONSIBILITY EC 7–7, EC 7–8 (1988). A defendant must make the ultimate decision on his plea and bear its consequences, rather than his or her attorney. *Hanzelka v. State*, 682 S.W.2d 385, 387 (Tex.App.—Austin 1984, no pet.). In the case before us, Flores made the ultimate decision to accept the State's offer of ten years' confinement. Flores should not be required to bear the consequences of his attorney's incompetence in failing to communicate his decision to the State. Thus, we hold that Flores received ineffective assistance of counsel *per se* when his attorney failed to inform the State of Flores' acceptance of the plea offer prior to the expiration of such offer. Such representation falls well below an objective standard of reasonableness. *See Ex parte Wilson*, 724 S.W.2d at 72.

Flores' third and fourth points of error are sustained. We see no need to address his first and second points of error.

Accordingly, we reverse the judgment of the trial court and remand for a new trial.

---

1. Flores attacked his plea of guilty on the grounds of ineffective assistance of counsel based not only on his attorney's failure to communicate his acceptance of the State's plea bargain, but on her performance at trial as well. The record is replete with evidence clearly reflecting that Flores' counsel was totally unprepared.