# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Walter Brown

March 13, 1995

Case No. (Criminal) 87771

BY JUDGE JANE MARUM ROUSH

This matter came on for a hearing on March 10, 1995, on the Defendant's motion to enforce a plea agreement with the Commonwealth. At that time, the Court took the matter under advisement. I have now had the opportunity to review the cases cited by counsel. For the reasons stated below, the motion to enforce plea agreement is denied.

### Facts

The facts of this case may be briefly summarized. The defendant, Walter Brown, was indicted for two counts of robbery. Trial was set for February 1, 1995. At the time of trial, the assistant commonwealth's attorney assigned to this case was involved in another jury trial and was unable to try the case. He offered to reduce the charges to two counts of grand larceny if the defendant would plead guilty to the reduced charges. The assistant commonwealth's attorney informed the defendant's counsel that the offer remained open until 6:00 p.m. the evening before trial. On the day before trial, the defendant's counsel met with the defendant at the Adult Detention Center and discussed the offer. The defendant decided to accept the offer. Instead of communicating the defendant's acceptance of the plea offer, defense counsel went to a doctor's appointment, where she was delayed. The 6:00 p.m. deadline passed without the defendant's acceptance of the offer having been communicated to the assistant commonwealth's attorney or any one in his office. Defense counsel was not able to relay the defendant's acceptance of the plea agreement until the morning of trial. By that time, the assistant commonwealth's attorney had reas-

signed the case to another prosecutor, who was unwilling to agree to the reduction of the charges from robbery to grand larceny. In short, the commonwealth's attorney would not re-extend the lapsed offer. Before the trial began, the defendant's counsel disclosed her error to the trial judge and moved to withdraw from her representation of the defendant. The trial judge granted the motion to withdraw, after making a finding of ineffective assistance of counsel. Substitute counsel was appointed and the trial date was continued, over the objection of the Commonwealth. Trial is presently scheduled for March 15, 1995. The defendant now faces a maximum penalty of two life terms if convicted of both counts of robbery. If he had pleaded guilty to grand larceny, the maximum penalty he could have received was twenty years on each of the two counts. Defendant's new counsel has moved the Court to enforce the prior plea agreement.

### Enforceability of Plea Offer

Defendant cites *Flores v. Texas*, 784 S.W.2d 579 (Tex. App. 1980), in support of his motion to enforce the plea agreement. That case involved a similar error by defense counsel. In *Flores*, the defendant's attorney failed timely to communicate the defendant's acceptance of the state's offer of a ten-year sentence. The trial court denied the defendant's motion to dismiss his counsel. The defendant pleaded guilty to robbery charges and was sentenced to life imprisonment by the trial judge. The Texas Court of Appeals reversed the conviction, holding that the trial judge should have granted the defendant's motion to dismiss his counsel. The *Flores* Court further found that defense counsel's failure timely to communicate her client's acceptance of the state's plea offer constituted ineffective assistance of counsel under the test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). The court held:

> [the defendant] received ineffective assistance of counsel *per se* when his attorney failed to inform the state of [the defendant's] acceptance of the plea offer prior to the expiration of the plea offer. Such representation falls well below objective standards of reasonableness.

784 S.W.2d at 581. The appellate court held that the trial court had erred in denying Flores's motion to dismiss his trial counsel and forcing him to proceed with ineffective counsel. The case was remanded for a new trial.

Significantly, the *Flores* court did not do as the defendant in the present case urges: the plea offer, which had expired by its own terms, was not

enforced. Nowhere does the *Flores* case state that the defendant can resurrect an expired plea offer if his attorney negligently fails timely to communicate to the prosecutor the defendant's acceptance of the offer. Instead, *Flores* stands for the proposition that the defendant should not have been forced to proceed to trial while being represented by his counsel whose assistance had already proven demonstrably ineffective.

In the present case, unlike *Flores*, the judge granted defense counsel's motion to withdraw and appointed new counsel for the defendant. Mr. Brown was not forced to proceed to trial with ineffective counsel. Instead, new counsel was appointed and the trial date was continued over the Commonwealth's objection. Indeed, the record discloses that the defendant's trial was continued a second time to allow new defense counsel adequate time to prepare. Mr. Brown has already obtained what the defendant in *Flores* obtained upon the reversal of his conviction by the appellate court: the opportunity to proceed to trial with new counsel.

The defendant's reliance upon *Randle v. Texas*, 847 S.W.2d 576 (Tex. Cr. App. 1993), is equally misplaced. In *Randle*, the prosecutor offered to recommend a thirty-five year sentence in exchange for the defendant's guilty plea to robbery. The defendant's counsel thought that the offer was open until 5:00 p.m. on January 12. He attempted to convey the defendant's acceptance of the offer to the prosecutor after the morning docket call on January 12. The prosecutor said that the offer had to be accepted before the morning docket call on January 12. The offer was withdrawn. The trial court denied defendant's motion to force the prosecutor to reinstate the plea offer. The trial court denied defense counsel's motion to withdraw. The defendant did not move for a continuance. The trial went forward as scheduled and the defendant was convicted of aggravated robbery and sentenced by the jury to life in prison. Randle's motion for a new trial was denied.

In *Randle*, the Texas Court of Criminal Appeals held that defense counsel has a "duty to communicate an accepted plea offer to the State in a timely manner, i.e., before the plea offer expires." 847 S.W.2d at 580. Because Randle was denied the effective assistance of his trial counsel, his conviction was reversed and remanded.

As with the *Flores* case, *Randle* is distinguishable from the facts of this case. The court in *Randle* did not hold that the trial court should have granted the motion to force the prosecutor to reinstate the plea offer. Instead, the court held that Randle had been denied the effective assistance of counsel by being forced to go to trial with trial counsel whose assis-

tance had been ineffective in handling Randle's acceptance of the plea offer. In the present case, unlike *Randle*, the defendant was granted a continuance (in fact *two* continuances) and new trial counsel has been appointed to represent him.

The Commonwealth relies upon *Mabry v. Johnson*, 467 U.S. 81, 104 S. Ct. 2543 (1984), in opposition to the defendant's motion. In *Mabry*, the Supreme Court held that a defendant has no constitutionally protected interest in a plea offer until the defendant pleads guilty and is convicted. Under the *Mabry* case, the Commonwealth argues, even if Mr. Brown's counsel had timely communicated his acceptance of the plea offer, the Commonwealth could have withdrawn the offer any time before the defendant actually pleaded guilty without implicating any constitutionally protected interest of the defendant.

The facts of *Mabry* are instructive. Mabry was convicted of burglary, assault and murder. On appeal, the murder conviction was reversed. Prior to the new trial, the prosecutor offered to recommend a sentence of twenty-one years to run concurrent with the sentences for burglary and assault in exchange for the defendant's plea of guilty to being an accessory after a felony murder. The defendant accepted the offer. When the defense counsel communicated the defendant's acceptance of the offer to the prosecutor, the prosecutor said that a mistake had been made and the offer was withdrawn. Instead, the prosecutor said that he would recommend a twenty-one year sentence on the accessory charge that would run *consecutive* to Mabry's other sentences. Mabry rejected the new offer and went to trial. On the second day of the trial, a mistrial was declared. Plea negotiations resumed and the defendant eventually pleaded guilty in accordance with the second plea offer. The Supreme Court reversed the grant of Mabry's petition for a writ of habeas corpus. The Court held that:

> A plea bargain standing alone is without constitutional significance; in itself it is a merely executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the constitution. Only after respondent pleaded guilty was he convicted, and it is that conviction which gave rise to the deprivation of respondent's liberty at issue here.

467 U.S. at 507-8; 104 S. Ct. at 2546. The Court ruled that Mabry's guilty plea was "in no sense induced by the prosecutor's withdrawn offer." 467

U.S. at 510, 104 S. Ct. at 2548. Therefore, his guilty plea was knowing and voluntary.

In a 1971 case, the United States Supreme Court noted that, even if a defendant pleads guilty in exchange for the prosecutor's agreement to recommend a particular sentence and the prosecutor breaches that agreement, the defendant has no constitutional right to specific enforcement of the broken prosecutorial promise. *Santobello v. New York*, 404 U.S. 257, 92 S. Ct. 495 (1971). Instead, the proper remedy is to allow the defendant to withdraw his guilty plea and go to trial. 404 U.S. at 262-263, 92 S. Ct. at 498-499.

In this case, the defendant has no right to specific performance of the commonwealth's attorney's plea offer when that offer expired by its own terms prior to being accepted. The defendant has already benefitted from the appropriate remedy for his prior counsel's error: the court has made a finding that he received ineffective assistance of counsel, his prior counsel has withdrawn, he received a continuance of the trial date until a date when his new counsel could adequately prepare for trial, he has the assistance of new counsel, who is of course free to commence new plea negotiations with the commonwealth's attorney.

For the foregoing reasons, the defendant's motion to enforce the plea agreement is denied.