NO. 07-01-0093-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 20, 2001

______________________________

JOHN VINEYARD,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434,575; HON. MACKEY HANCOCK, PRESIDING

_______________________________

Before QUINN, REAVIS, AND JOHNSON, J.J.

 John Vineyard (appellant) appeals his conviction for driving while intoxicated (DWI).  His sole issue concerns the effectiveness of his trial counsel.  The latter was purportedly ineffective because of “counsel’s failure to either present appellant’s motion for new trial to the trial court or request a hearing thereon.”  We overrule the issue and affirm the judgment. 

Background

Appellant was convicted by a jury for the felony offense of DWI.  The punishment range was enhanced to a second degree felony due to previous convictions, and the trial court sentenced appellant to fifteen years in the Institutional Division of the Texas Department of Criminal Justice on December 18, 2000.  On January 17, 2001, appellant filed a motion for new trial, which motion was overruled by operation of law on March 5, 2001.  

Standard of Review

The standard of review applicable to claims of ineffective assistance is well-known and will not be repeated here.  We find it sufficient to merely refer the litigants to 
Thompson v. State
, 9 S.W.3d 808 (Tex. Crim. App. 1999) and
 Beck v. State
, 976 S.W.2d 265 (Tex. App.–Amarillo 1998, pet. ref’d) for an explanation of same. 

Application of Standard

To adequately preserve an issue for appeal by way of motion for new trial, the motion must be presented to the trial court.  
Tex. R. App. Proc.
 21.6; 
Coronado v. State
, 25. S.W.3d 806, 810 (Tex. App.–Waco 2000, pet. ref’d).  And, while presentation denotes the provision of actual notice to the trial court of the pending motion, there is no exclusive way in which that notice must be afforded to the court.  
Carranza v. State
, 960 S.W.2d 76, 79-80 (Tex. Crim. App. 1998) (stating that presentment requires the provision of actual notice to the trial court but that the manner of presentment described in the opinion was not exhaustive but merely suggestive as to how one may fulfill the requirement).  

Here, appellant complains of counsel’s failure to present his motion for new trial to the trial court.  Yet, he does not cite us to any evidence of record illustrating that such presentment did not occur.  He merely states in his brief that it did not.  
See Good v. Shoufeh
, 915 S.W.2d 666, 671 (Tex. App.–Amarillo 1996), 
aff’d
, 943 S.W.2d 441 (Tex. 1997)(holding that unsworn statements of fact in an appellate brief are not evidence).  Nor may we assume that presentation did not occur simply because the motion for new trial was overruled by operation of law.  We know of nothing which prevents a trial court wishing to deny a motion for new trial to affirmatively deny same through order once it is presented.  Indeed, the court may simply allow it to be denied by permitting 75 days to lapse.  
Tex. R. App. Proc. 
21.8(a) & (c).  So, because the alleged instance of ineffectiveness does not appear of record, 
see
 
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)(holding that the supposed claim of ineffectiveness must be shown in the record), appellant did not carry his burden of proof.  

Next, to the extent that appellant also suggests that counsel was ineffective for other reasons, we address them briefly.
(footnote: 1)  The first pertains to the failure to secure medical records which allegedly show that appellant may have suffered a stroke at one time or another.  In mentioning this as a possible ground of ineffectiveness, appellant does not explain how the omission prejudiced him.  Nor does he cite us to anything of record illustrating that he had suffered a stroke at any time, that the characteristics of a stroke resemble those of driving under the influence of intoxicants, or that he was actually suffering from the effects of a stroke (or any other illness) rather than alcohol when arrested for driving while intoxicated.  So, that medical records could have been discovered had trial counsel expended greater effort in obtaining same means nothing without a showing that the records contained anything having a reasonable chance of affecting the outcome of the trial.  
See Thompson v. State
, 9 S.W.3d at 812 (requiring appellant to show a reasonable probability that but for counsel’s supposed error, the result would have been different).

As to the contention that counsel was ineffective because he did not move to enforce the plea offer made by the State, the evidence indicates that the offer expired before appellant accepted it.  The offering having expired, there was nothing for counsel to enforce.  
Purser v. State
, 902 S.W.2d 641, 648 (Tex. App.–El Paso 1995, pet. ref’d), 
cert. denied
, 525 U.S. 838, 119
 S. Ct. 98, 142 L. Ed. 2d 78 (1998) (stating that a defendant does not have a protected right to enforce performance of an agreement that has been withdrawn by the State)
.  There being nothing to enforce, we cannot fault counsel for not enforcing it.  
Moreover, we are cited to no evidence illustrating that 1) counsel withheld from appellant timely notification of the offer, 2) counsel otherwise failed to timely and reasonably advise his client about the merits of accepting or rejecting it, 3) appellant was unaware of the deadline for accepting the bargain, or 4) appellant opted to accept the offer while it was viable but counsel failed to timely relay the acceptance to others.  Consequently, we cannot say that appellant proved that his attorney rendered assistance which fell below an objective standard of reasonableness.

Finally, appellant insinuated that his counsel was deficient because he neither obtained the medical records or accepted the plea bargain.  Yet, as discussed above, there is no evidence before us illustrating that the medical records contained evidence favorable to appellant.  Nor is their evidence indicating that appellant wanted to accept the plea 
before
 the offer expired.  More importantly, counsel could not have accepted it on behalf of his client without the consent of his client.
  Flores v. State
, 784 S.W.2d 579, 581 (Tex. App.–Fort Worth 1990, pet. ref’d)(holding that the ultimate decision to accept the plea is the defendant’s).  So, logic dictates that evidence of appellant’s desire to accept the plea
 before
 the offer expired would be a prerequisite to holding that counsel erred in not consummating the transaction, and we have none.  Again, the record before us is insufficient to support a holding that counsel acted improperly.       

Accordingly, the judgment is affirmed.

Brian Quinn 

    Justice

Do Not Publish.

FOOTNOTES
1:
The only ground for ineffectiveness mentioned in appellant’s issue was that pertaining to the presentation to the court of the motion for new trial.  However, others were alluded to, most often in passing, in the body of his brief.  It is these which we also address, in passing.