NO. 07-06-0248-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 19, 2006

______________________________

PATRICK W. FRAZIER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408497; HONORABLE CECIL G. PURYEAR, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

Pursuant to a guilty plea, Appellant, Patrick W. Frazier, was granted deferred adjudication for aggravated assault with a deadly weapon and ordered to complete five years of community supervision.  The State subsequently filed a motion to proceed with adjudication of guilt, and following a hearing, the trial court revoked Appellant’s community supervision, adjudicated him guilty of the original offense, and sentenced him to five years confinement.  By a single point of error, Appellant contends the trial court erred because it considered punishment evidence outside the record.  We affirm.

At the hearing on the State’s motion to proceed, Appellant pled true to three of the seven alleged violations of his community supervision.  One of the conditions of his community supervision was that he have no contact with the victim “either directly or indirectly, or by any other means.”  Although Appellant admitted to violating this condition, the State presented evidence that he was in contact with the victim.  His probation officer testified Appellant was with the victim in her vehicle when he was arrested for failing to identify himself during a traffic stop and that the victim “bonded him out” the following day.  The officer also testified that he received telephone calls from Appellant on two separate occasions in which Appellant provided the victim’s phone number as the number where he could be contacted.  The State also called the trooper that arrested Appellant who was able to confirm that Appellant was with the victim at the time of his arrest.  

At the conclusion of the evidence, the trial court found Appellant violated the conditions of his community supervision and adjudicated him guilty of the original offense.  Neither party presented evidence regarding punishment.
(footnote: 1)  Following brief statements from both parties, the trial court revoked Appellant’s community supervision and sentenced him to ten years confinement.  When asked whether there was anything he needed to bring to the attention of the court, Appellant asked the court to reconsider.  The court then made the following statement concerning Appellant’s inability to avoid contact with the victim:

“My suspicion is you violated that one several times by being around her when you knew that a term and condition of your probation was that you were not to be around her, period.”

  

The court subsequently reduced Appellant’s term of confinement to five years.

By his sole point of error, Appellant contends the court’s statement during the pronouncement of the sentence was a violation of due process and that the use of “mere speculation” during punishment violated his constitutional right to confrontation.  We disagree.

As a prerequisite to appellate review, a defendant must make a timely request, objection, or motion stating the grounds with sufficient specificity to apprise the trial court of his complaint.  Tex. R. App. P. 33.1(a).  An appellant may not complain of error pertaining to punishment where he failed to object or otherwise bring the error to the attention of the trial court.  
Mercado v. State
, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986). The purpose of this requirement "is to give to the trial court or the opposing party the opportunity to correct the error or remove the basis for the objection."  
Martinez v. State
, 22 S.W.3d 504, 507 (Tex.Crim.App. 2000).  Because Appellant failed to apprise the trial court of his complaint, his point presents nothing for review.  Even assuming arguendo that error was preserved, the trial court’s belief that Appellant contacted the victim on more than one occasion is supported by ample evidence in the record and was not an abuse of discretion.  
See 
Cardona v. State
, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).  Appellant’s point 
is overruled.

Accordingly, the trial court’s judgment is affirmed.

Patrick A. Pirtle

      Justice

Do not publish.

t appellant’s motion for new trial to the trial court or request a hearing thereon.”  We overrule the issue and affirm the judgment. 

Background

Appellant was convicted by a jury for the felony offense of DWI.  The punishment range was enhanced to a second degree felony due to previous convictions, and the trial court sentenced appellant to fifteen years in the Institutional Division of the Texas Department of Criminal Justice on December 18, 2000.  On January 17, 2001, appellant filed a motion for new trial, which motion was overruled by operation of law on March 5, 2001.  

Standard of Review

The standard of review applicable to claims of ineffective assistance is well-known and will not be repeated here.  We find it sufficient to merely refer the litigants to 
Thompson v. State
, 9 S.W.3d 808 (Tex. Crim. App. 1999) and
 Beck v. State
, 976 S.W.2d 265 (Tex. App.–Amarillo 1998, pet. ref’d) for an explanation of same. 

Application of Standard

To adequately preserve an issue for appeal by way of motion for new trial, the motion must be presented to the trial court.  
Tex. R. App. Proc.
 21.6; 
Coronado v. State
, 25. S.W.3d 806, 810 (Tex. App.–Waco 2000, pet. ref’d).  And, while presentation denotes the provision of actual notice to the trial court of the pending motion, there is no exclusive way in which that notice must be afforded to the court.  
Carranza v. State
, 960 S.W.2d 76, 79-80 (Tex. Crim. App. 1998) (stating that presentment requires the provision of actual notice to the trial court but that the manner of presentment described in the opinion was not exhaustive but merely suggestive as to how one may fulfill the requirement).  

Here, appellant complains of counsel’s failure to present his motion for new trial to the trial court.  Yet, he does not cite us to any evidence of record illustrating that such presentment did not occur.  He merely states in his brief that it did not.  
See Good v. Shoufeh
, 915 S.W.2d 666, 671 (Tex. App.–Amarillo 1996), 
aff’d
, 943 S.W.2d 441 (Tex. 1997)(holding that unsworn statements of fact in an appellate brief are not evidence).  Nor may we assume that presentation did not occur simply because the motion for new trial was overruled by operation of law.  We know of nothing which prevents a trial court wishing to deny a motion for new trial to affirmatively deny same through order once it is presented.  Indeed, the court may simply allow it to be denied by permitting 75 days to lapse.  
Tex. R. App. Proc. 
21.8(a) & (c).  So, because the alleged instance of ineffectiveness does not appear of record, 
see
 
Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994)(holding that the supposed claim of ineffectiveness must be shown in the record), appellant did not carry his burden of proof.  

Next, to the extent that appellant also suggests that counsel was ineffective for other reasons, we address them briefly.
(footnote: 1)  The first pertains to the failure to secure medical records which allegedly show that appellant may have suffered a stroke at one time or another.  In mentioning this as a possible ground of ineffectiveness, appellant does not explain how the omission prejudiced him.  Nor does he cite us to anything of record illustrating that he had suffered a stroke at any time, that the characteristics of a stroke resemble those of driving under the influence of intoxicants, or that he was actually suffering from the effects of a stroke (or any other illness) rather than alcohol when arrested for driving while intoxicated.  So, that medical records could have been discovered had trial counsel expended greater effort in obtaining same means nothing without a showing that the records contained anything having a reasonable chance of affecting the outcome of the trial.  
See Thompson v. State
, 9 S.W.3d at 812 (requiring appellant to show a reasonable probability that but for counsel’s supposed error, the result would have been different).

As to the contention that counsel was ineffective because he did not move to enforce the plea offer made by the State, the evidence indicates that the offer expired before appellant accepted it.  The offering having expired, there was nothing for counsel to enforce.  
Purser v. State
, 902 S.W.2d 641, 648 (Tex. App.–El Paso 1995, pet. ref’d), 
cert. denied
, 525 U.S. 838, 119
 S. Ct. 98, 142 L. Ed. 2d 78 (1998) (stating that a defendant does not have a protected right to enforce performance of an agreement that has been withdrawn by the State)
.  There being nothing to enforce, we cannot fault counsel for not enforcing it.  
Moreover, we are cited to no evidence illustrating that 1) counsel withheld from appellant timely notification of the offer, 2) counsel otherwise failed to timely and reasonably advise his client about the merits of accepting or rejecting it, 3) appellant was unaware of the deadline for accepting the bargain, or 4) appellant opted to accept the offer while it was viable but counsel failed to timely relay the acceptance to others.  Consequently, we cannot say that appellant proved that his attorney rendered assistance which fell below an objective standard of reasonableness.

Finally, appellant insinuated that his counsel was deficient because he neither obtained the medical records or accepted the plea bargain.  Yet, as discussed above, there is no evidence before us illustrating that the medical records contained evidence favorable to appellant.  Nor is their evidence indicating that appellant wanted to accept the plea 
before
 the offer expired.  More importantly, counsel could not have accepted it on behalf of his client without the consent of his client.
  Flores v. State
, 784 S.W.2d 579, 581 (Tex. App.–Fort Worth 1990, pet. ref’d)(holding that the ultimate decision to accept the plea is the defendant’s).  So, logic dictates that evidence of appellant’s desire to accept the plea
 before
 the offer expired would be a prerequisite to holding that counsel erred in not consummating the transaction, and we have none.  Again, the record before us is insufficient to support a holding that counsel acted improperly.       

Accordingly, the judgment is affirmed.

Brian Quinn 

    Justice

Do Not Publish.

FOOTNOTES
1:
The State simply reurged the previous testimony.

1: