

# Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00020-CR

Frank N. **SMITH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 274th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-0206-CR
Honorable Gary Steel, Judge Presiding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:         Karen Angelini, Justice
                Steven C. Hilbig, Justice (concurring in the judgment only)
                Marialyn Barnard, Justice

Delivered and Filed:  December 31, 2012

AFFIRMED

Appellant Frank N. Smith was arrested and charged with possession of a controlled

substance. He pled no contest and was sentenced to a thirty-year term in the Texas Department

of Criminal Justice–Institutional Division ("TDCJ"). The trial court ordered the sentence run

concurrently with the sentence in a prior conviction.[2] On appeal, Smith contends his counsel

---

[1] While the proceedings of this case were filed in the 25th Judicial District Court, Guadalupe County, the judgment in this case was signed by the Honorable Gary Steel, presiding over the 274th Judicial District Court, Guadalupe County, and having concurrent jurisdiction over the 25th District Court, Guadalupe County, Texas.
[2] Smith was previously convicted for delivery of a controlled substance and received a sentence of thirty-six years.

rendered ineffective assistance by failing to inform him of the deadline attached to the State's plea offer before the offer was revoked. We affirm the trial court's judgment.

## BACKGROUND

Smith was indicted for the offense of possession of a controlled substance, cocaine, in an amount greater than or equal to four grams but less than two hundred grams. Smith entered a no contest plea and a plea of true to one enhancement. During the plea hearing, the following exchange occurred:

> [DEFENSE COUNSEL]: All right. Let's go a little bit over the plea negotiations so that — that got you to this point. Originally back in September, prior to our last hearing, the State of Texas had offered you a ten-year sentence. Do you recall that?
>
> [SMITH]: Yes, sir.
>
> [THE COURT]: And at that point you said that you needed more time to think about it; is that right?
>
> [SMITH]: Yes, sir.
>
> [DEFENSE COUNSEL]: And this last setting, I guess it would have been around the 9th — the 8th or 9th of December, I had informed you that the State had, by email or fax, sent a ten-year offer again, right?
>
> [SMITH]: Yes, sir.
>
> [DEFENSE COUNSEL]: And I told you that I — I did not notice on the bottom of that e-mail, because I was not at my office, that there was a time limit for you to accept that offer; is that right?
>
> [SMITH]: Yes, sir, you told me that.
>
> [DEFENSE COUNSEL]: And I told you that I had asked the State not to hold that against you because that was my fault.
>
> [SMITH]: Yes.
>
> [DEFENSE COUNSEL]: And irregardless [sic], at that point you still weren't a hundred percent sure that you would accept a ten-year offer?
>
> [SMITH]: Yes, sir.

[DEFENSE COUNSEL]: We came back this past Friday and you said you would accept the ten-year offer; is that right?

[SMITH]: Yes, sir. That is true, sir.

[DEFENSE COUNSEL]: Then I informed you, "Well, the State is not allowing you to accept the ten-year offer anymore and that it would have to be more than ten years."

[SMITH]: THE DEFENDANT: That's true.

Smith was sentenced by the trial court to a thirty-year term of imprisonment in the TCDJ, and a $1000.00 fine. He then perfected this appeal.

## ANALYSIS

Smith raises a single issue on appeal, contending his counsel rendered ineffective assistance by failing to inform him of the deadline attached to the State's plea offer before the offer was revoked.

### *Standard of Review*

We apply a two-pronged test to ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that his counsel's performance was deficient, and second, appellant must show the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *Strickland*, 466 U.S. at 688–89. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. An allegation of

ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial. *Id.* at 687. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* at 697.

### *Applicable Law*

It is well established that a criminal defendant is entitled to effective assistance of counsel during the plea bargain process. *Ex parte Wilson*, 724 S.W.2d 72, 73 (Tex. Crim. App. 1987); *Dickerson v. State*, 87 S.W.3d 632, 638 (Tex. App.—San Antonio 2002, no pet.). Failure of trial counsel to inform a criminal defendant of plea offers made by the State is an omission that falls below an objective standard of reasonableness. *Ex parte Lemke*, 13 S.W.3d 791, 795 (Tex. Crim. App. 2000); *Randle v. State*, 847 S.W.2d 576, 580 (Tex. Crim. App. 1993); *Wilson*, 724 S.W.2d at 73–74; *Dickerson*, 87 S.W.3d at 638.

An attorney's duty to promptly communicate plea offers includes the obligation to fully advise his client of the terms and desirability of plea offers extended by the State. *Flores v. State*, 784 S.W.2d 579, 581 (Tex. App.—Fort Worth 1990, pet. refused). A defendant must make the ultimate decision on his plea and bear its consequences, rather than his or her attorney, and, in order to make the decision intelligently, he must be given all information relevant to the

decision. *Flores*, 784 S.W.2d at 581; *Hanzelka v. State*, 682 S.W.2d 385, 387 (Tex. App.—Austin 1984, no pet.).

*Application*

The question of whether trial counsel's failure to communicate to the client a deadline attached to a plea offer constitutes ineffective assistance of counsel has only been addressed in Texas by the Second Court of Appeals. *See Turner v. State*, 49 S.W.3d 461 (Tex. App.—Fort Worth 2001, pet. dism'd). In *Turner*, the defense counsel failed to communicate to his client the deadline attached to the State's plea offer. *Id.* at 466. The appellate court held the record showed counsel's failure was not based on sound trial strategy. *Id.* at 470. Rather, the court held counsel's failure was deficient performance that prejudiced the appellant and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. *See Strickland*, 466 U.S. at 688–94; *Turner*, 49 S.W.3d at 470.

In this case, the record supports Smith's claim that trial counsel's failure to inform him of the plea offer's deadline was deficient performance. *See Strickland*, 466 U.S. at 688–90. By failing to inform Smith of the State's plea offer deadline, counsel did not fully advise Smith of the terms and desirability of plea offers extended by the State. *See Flores*, 784 S.W.2d at 581. Accordingly, Smith was unable to make the ultimate decision on his plea and bear its consequences, and was deprived from making the decision intelligently. *Id.* Thus, we hold trial counsel's failure was not reasonable under the circumstances and prevailing professional norms at the time. *See Strickland*, 466 U.S. at 688–89.

However, we find this case distinguishable from *Turner* in that trial counsel's failure to promptly inform Smith of the imminent expiration of his plea offer did not effectively deprive

him of "a 'last chance' opportunity to avoid a potential sentence of much greater length than the term of the offer." *See Turner*, 49 S.W.3d at 465. Although Smith was sentenced to thirty years imprisonment, a longer sentence than the initially proposed ten-year plea offer, Smith is to serve that sentence concurrently with a thirty-six year sentence for another conviction.[3] Therefore, the record does not reflect that Smith will be conclusively serving a longer sentence because of trial counsel's failure to inform him of the plea offer's deadline.

Furthermore, it is unclear from the record if the outcome of the proceeding would have been different but for trial counsel's failure to inform Smith of the plea offer deadline. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 814. During the plea hearing, Smith stated, in response to defense counsel's question, that even at the point when the plea offer expired, he "still [wasn't] a hundred percent sure that [he] would accept [the] ten-year offer." *Cf. Ex parte Lemke*, 13 S.W. at 797 (noting appellant was prejudiced by counsel's failure to communicate plea offer where appellant would have accepted offer); *Ex parte Wilson*, 724 S.W.2d at 74 (same). Therefore, Smith did not meet the second prong under *Strickland* of proving that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. Accordingly, we overrule Smith's issue.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish

---

[3] We recognize the fact that Smith is serving a concurrent thirty-six year sentence does not stop this court from analyzing the validity of Smith's challenge to his separate thirty-year sentence. *See Ex parte Strong*, 446 S.W.2d 312, 313 (Tex. Crim. App. 1969) (noting concurrent sentence doctrine does not prevent court from reaching question of validity of petitioner's confinement for a different conviction). However, we do believe it is a pertinent fact to consider in analyzing the harm prong under *Strickland*. *See Strickland*, 466 U.S. at 694.