John S. HANZELKA, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-84-169-CR.

Court of Appeals of Texas,
Austin.

Nov. 21, 1984.

Christopher M. Gunter, Fitzgerald, Meissner, Augustine & Alexander, Austin, for appellant.

Margaret Moore, County Atty., Claire Dawson-Brown, Asst. County Atty., Austin, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellant John S. Hanzelka seeks to set aside a judgment of conviction for assault rendered by a county-court-at law of Travis County after a jury trial. The court assessed punishment of confinement in the county jail for one year. This Court will reverse the judgment of conviction.

On March 3, 1982, Hanzelka, a college youth, engaged in a fist-fight with another student at a hamburger stand near the University of Texas. For about an hour before the fight Hanzelka and a friend had been driving about the University drinking bourbon. Although Hanzelka claimed that he had taken only one drink, the investigating officer testified that immediately after the fight Hanzelka appeared intoxicated.

Although the evidence is conflicting with respect to whom initiated the fight, Hanzelka admitted that he landed the first punch. Of the two combatants, Hanzelka was the larger in size. There was evidence that after Hanzelka knocked down the complainant, he lifted the complainant by his hair and hit him three times in the face. After the fight Hanzelka was hardly scratched, whereas the complainant had a "very bloody" head, requiring stitches, and a bad black eye.

By a single ground of error Hanzelka claims that he was denied reasonably effective assistance of counsel in violation of the constitutions of Texas and the United

States. The basis for this assertion is the fact that Hanzelka's trial attorney failed to inform him of the prosecution's "plea bargain" offer.[1]

The State stipulated that the prosecutor made the offer in exchange for Hanzelka's pleading "no contest" or "guilty" to the assault charge. The offer was that the prosecutor would recommend ten days in jail, probated for twelve months; $250.00 fine or eighty hours of community service work; and restitution to the complainant of $366.82.

The evidence and stipulations of the parties at the hearing on motion for new trial established that counsel did not inform Hanzelka of the plea bargain offer and that, had Hanzelka been so informed, he would have accepted the offer. Upon oral submission, counsel for the State candidly conceded that the trial court would have accepted the negotiated plea.

The issue presented is whether an attorney's failure to inform his client of a plea bargain offer is such an error so as to deny the client effective representation of counsel where such failure to communicate results in a substantially greater punishment.

Since *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), it has been established that the Sixth Amendment to the Constitution of the United States guarantees an accused "effective assistance" of counsel. The most recent authority determining standards by which to evaluate whether counsel's assistance is so ineffective as to require reversal of a judgment of a conviction is *Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland* the Court set out a two-part test to determine effectiveness of assistance. The accused must show (1) counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) the deficient performance prejudiced the defendant.

The standard applicable to the first requirement is that of "reasonably effec-

tive assistance." The accused must show that counsel's representation fell below an objective standard of reasonableness. The objective standard referred to is that of "prevailing professional norms." In discussing these professional norms, the Supreme Court stated:

> In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. Prevailing norms of practice as reflected in American Bar Association standards and the like, e.g., ABA Standards for Criminal Justice 4–1.1 to 4–8.6 (2d ed. 1980) ("The Defense Function"), are guides to determining what is reasonable, but they are only guides. — U.S. at —, 104 S.Ct. at 2065, 80 L.Ed.2d at 694.

Following the Supreme Court's directive, this Court turns to the pertinent provisions of the Texas State Bar Code of Professional Responsibility. Ethical Consideration 7–7 provides in pertinent part:

> A defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable and as to the prospects of success on appeal, but it is for the client to decide what plea should be entered and whether an appeal should be taken.

Ethical Consideration 7–8 states in pertinent part:

> A lawyer should exert his best efforts to insure that decisions of his client are made only after the client has been informed of relevant considerations.

"The Defense Function" referred to by the Supreme Court in *Strickland* contains standards of conduct for defense attorneys and sets forth standards pertaining to plea bargains:

> In conducting discussions with the prosecutor the lawyer should keep the accused advised of developments at all times and all proposals made by the prosecutor should be communicated promptly to the

1. Counsel on appeal did not represent Hanzelka   at trial.

accused. 1 *Standards for Criminal Justice,* Standard 4–6.2(a) (2d ed. 1980). The commentary to Standard 4–6.2 provides:

> Because plea discussions are usually held without the accused being present, *the lawyer has the duty to communicate fully to the client the substance of the discussions. It is important that the accused be informed of proposals made by the prosecutor; the accused, not the lawyer, has the right to decide on prosecution proposals, even when a proposal is one that the lawyer would not approve.* If the accused's choice on the question of guilty plea is to be an informed one, the accused must act with full awareness of the alternatives, including any that arise from proposals made by the prosecutor. (Emphasis added)

Our search has not revealed that an appellate court in Texas has passed upon the issue whether the failure to communicate a plea bargain results in a denial of effective assistance of counsel; however, courts in other states have held that such failure denies an accused effective assistance of counsel. In *Lyles v. State,* 178 Ind.App. 398, 382 N.E.2d 991 (1978), the Indiana Court of Appeals held that the defendant was denied effective assistance of counsel where the State's offer of one to five years sentence was not communicated to the defendant, and he was subsequently sentenced to ten years imprisonment. After citing the predecessor provision of Standard 4–6.2 of "The Defense Function", the court stated:

> In the case at bar, the defense counsel's failure to communicate the State's plea offer short-circuited the entire guilty plea process. This was not a matter of trial tactics or strategy, which do not automatically constitute incompetence. *Magley v. State,* (1975) 263 Ind. 618, 335 N.E.2d 811; *Bucci v. State,* (1975) 263 Ind. 376, 332 N.E.2d 94; *Roberts v. State,* (1975) 263 Ind. 53, 324 N.E.2d 265. This case involved a decision of the utmost importance: whether or not to plead guilty. In matters of such impor-

tance, the attorney has no option, he must advise his client of the proposed plea agreement. Here, this duty to advise was clearly and flagrantly breached. That Lyles was prejudiced ... is evident: he was sentenced to ten years, when he had an opportunity to plead to an offense with a recommendation of a one to five years sentence. 382 N.E.2d at 994. (Footnote omitted)

The Supreme Court of Indiana in *Curl v. State,* 272 Ind. 605, 400 N.E.2d 775, 777 (1980) adopted the ruling of the Indiana Court of Appeals in *Lyles.* (If defense counsel failed to inform defendant of a plea offer, the court would be compelled to reverse.)

The Court of Appeals of North Carolina in *State v. Simmons,* 65 N.C.App. 294, 309 S.E.2d 493 (1983) quoting from *Lyles* held that a failure to inform an accused of a plea bargain offer constituted ineffective assistance of counsel absent extenuating circumstances.

Relying upon the above authorities, this Court has concluded that Hanzelka was denied reasonably effective assistance of counsel. This Court has concluded further that counsel's deficient performance prejudiced Hanzelka in that under the terms of the plea bargain he would not have served any time in jail.

The judgment of conviction is reversed and the cause is remanded for new trial.