**Wayne PENNINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12-88-0002-CR.**

Court of Appeals of Texas,
Tyler.

Dec. 16, 1988.

Jackee Cox, Longview, for appellant.

Sheila Allen, Longview, for appellee.

PER CURIAM.

Appellant was found guilty by a jury of indecency with a child. Punishment was assessed by the jury at seven years' confinement. He filed a motion for new trial which was denied after an evidentiary hearing.

On appeal, Appellant's sole point of error is that he was denied effective assistance of counsel. He alleges several deficiencies in trial counsel's performance but we need look no further than the complaint that counsel did not inform him of plea bargain offers made by the State.

It is established that a criminal defendant is entitled to effective assistance of counsel during the plea bargaining process. *Ex parte Wilson,* 724 S.W.2d 72, 73 (Tex. Cr.App.1987). A defendant has a right to be fully informed about all plea bargain offers. *Id.* at 74. The defense attorney has an obligation to fully advise his client of the terms and desirability of plea offers by the State. *Id.;* State Bar of Texas, *Ethical Considerations on Code of Professional Responsibility* EC 7-7, EC 7-8 (1988). It is the defendant who must make the ultimate decision on his plea and bear

its consequences, not the attorney. *Hanzelka v. State*, 682 S.W.2d 385, 387 (Tex. App.—Austin 1984, no pet.).

In evaluating claims of ineffective assistance of counsel, we apply the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish such a claim the defendant has to show:

1. Counsel's representation fell below an objective standard of reasonableness; and,
2. The defendant was prejudiced by counsel's deficient performance.

In *Ex parte Wilson*, our Court of Criminal Appeals answered affirmatively the issue of whether the trial counsel's failure to inform a client of plea bargains offered by the State falls below an objective standard of reasonableness.

In this case, the Assistant District Attorney, William Gleason, testified at the hearing on the motion for new trial that he had first spoken to Jonathan Crow, Appellant's retained trial counsel, at about the time of arraignment. Mr. Gleason related that he told Mr. Crow that if Appellant continued in counseling for a while, the State would "sit on" the case and consider reducing the charge to a misdemeanor with a recommendation of one year probation with counseling as a condition. Mr. Gleason testified that offer was never discussed again with Mr. Crow. Appellant testified Mr. Crow never told him of such an offer. The evidence at trial revealed that although Appellant did not consistently continue counseling, he drove a truck for a living and called in most times when he was unable to attend counseling sessions.

Mr. Gleason also testified that a day or two before trial he told Crow that if Appellant pled guilty the State would not oppose probation. Appellant testified that Crow told him that the State was not going to oppose probation but no mention was made of a guilty plea.

Appellant was assessed seven years in prison as his punishment after trial. Crow's failure to inform him of the proffered plea bargains precluded any opportunity he may have had to knowingly choose a plea under circumstances which would have prevented a prison term. Crow's performance at the plea bargaining phase of this case was not reasonable under any objective standard of reasonableness. *See Ex parte Wilson*, 724 S.W.2d at 74; *Hanzelka v. State*, 682 S.W.2d at 386–387.

Unlike *Wilson* and *Hanzelka*, we have no direct testimony from Appellant that he would have accepted either offer had he known of its existence. However, in satisfying the second prong of the *Strickland v. Washington* test it need not be shown that "counsel's deficient conduct more likely than not altered the outcome." *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984)). Rather, Appellant need only have shown "a probability sufficient to undermine confidence in the outcome." *Id.*

We have no difficulty in this case concluding that counsel's deficient performance created such a probability. Both offers involved probation as opposed to time in prison. In *Hanzelka*, the Austin Court of Appeals found the defendant had been prejudiced because under the proffered plea bargain he would not have served any jail time and after trial he was sentenced to one year in jail. 682 S.W.2d at 387. In this case, Appellant's punishment was assessed at seven years in prison. Additionally, the difference between a felony conviction and the misdemeanor first offered by the State further demonstrates the prejudice suffered by Appellant. Felony convictions carry with them much more opprobrium and more disadvantages than do misdemeanor convictions.

The record reflects no prior criminal record on Appellant's part. No showing is made that the type of behavior underlying this charge had occurred before or since the alleged events. The record shows that Appellant cooperated with the Department of Human Services in dealing with the problem, at least initially, and he attended counseling. His less-than-perfect attendance at counseling was shown to some ex-

tent to be a result of his occupation as a truck driver.

In light of the record before us, we believe there is a reasonable probability that had attorney Crow fully informed Appellant of the proffered plea bargains and the consequences of his available choices, the result in this case would have been other than a seven year prison sentence, and possibly a misdemeanor rather than a felony conviction. Appellant was denied effective assistance of trial counsel[1] and was prejudiced by counsel's defective performance.

The case is reversed and remanded to the trial court for a new trial.

---

[1]. Failure to communicate the plea bargain offers to his client were not the only deficiencies alleged in Crow's performance. His overall representation at trial was also challenged. Although we need not reach those alleged deficiencies in light of our decision on his pretrial performance, we feel compelled to make a few observations. The only defensive strategy apparent from the record was to undermine the complaining witnesses' veracity. Despite that sole tactic, much inadmissible evidence was permitted to come in without objection which bolstered the victim's story. Damaging hearsay evidence, in the form of testimony and D.H.S. reports, was admitted without objection. A document effectively a confession was admitted without any inquiry into voluntariness. Although some of the objectionable evidence may have been admissible on rebuttal or for impeachment, much of it was presented in the State's case in chief. Crow's performance as defense counsel was woefully deficient.