# NO. 12-06-00226-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DERRICK MORGAN,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Derrick Morgan, pro se, appeals his conviction for harassment by persons in certain correctional facilities. Appellant asserts six issues on appeal.[1] We affirm.

### BACKGROUND

Appellant was charged by indictment with harassment by persons in certain correctional facilities. Specifically, the indictment alleged that Appellant threw urine onto another person while confined in the Smith County Jail.[2] As charged, this offense constituted a third degree felony. The State subsequently filed written notice of intent to seek a higher range of punishment based upon two prior felony convictions: aggravated assault and evading arrest or detention. Based on these prior convictions, the range of punishment for the offense could be enhanced to imprisonment for a term of twenty-five years to life. Appellant pleaded not guilty and was tried before a jury. The jury found

---

[1] Because Appellant is representing himself in this appeal, we have given him considerable latitude in the consideration of what he has presented as issues for our review. *See Perez v. State*, 261 S.W.3d 760, 763 n.2 (Tex. App.–Houston [14th Dist.] 2008, pet. ref'd). "However, we hold a pro se appellant to the same standards as a licensed attorney, and require them to comply with applicable laws and rules of procedure." *See id.*

[2] The victim was a jailer at the Smith County Jail.

Appellant guilty of the offense as charged in the indictment. Appellant pleaded true to the State's enhancement allegations and the jury found those allegations to be true. The jury assessed Appellant's punishment at ninety-nine years of imprisonment. This appeal followed.

## CONSTITUTIONALITY OF STATUTE

In his first issue, Appellant argues that the "TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION 'CHALLENGE TO CONSTITUTIONALITY OF STATUTE (42.07) UPON WHICH DEFENDANT STANDS CHARGED BY INDICTMENT['] . . . ." Appellant also appears to argue, in the alternative, that the trial court overruled Appellant's motion without first "considering" it. Finally, Appellant argues that the trial court erred by failing to explain to the parties its reasons for overruling the motion.

### Consideration of Motion

We begin by addressing Appellant's argument that the trial court failed to consider his motion. At the pretrial hearing, the trial court stated that it had received Appellant's motion and that it had signed an order overruling that motion. The written order is contained in the clerk's record. Neither the reporter's record nor the clerk's record reflects that the trial court overruled this motion without first considering it. In the absence of any proof to the contrary, we will presume that the trial court considered the motion in question before overruling it. *See* ***Word v. State***, 206 S.W.3d 646, 651 (Tex. Crim. App. 2006).

### Failure to Explain Reasons for Ruling

Appellant also complains that the trial court failed to explain the reasons for its ruling. However, trial courts are, generally, not required to set forth particular reasons for their rulings. *See, e.g.,* ***Carmouche v. State***, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000) ("[W]e will assume that the trial court made implicit findings of fact supported in the record that buttress its conclusion."). Further, were this failure error, it would not be preserved for review because it was not complained of in the trial court. *See* TEX. R. APP. 33.1.

**Constitutionality**

Appellant was indicted under Texas Penal Code section 22.11.[3] *See* TEX. PENAL CODE ANN. § 22.11 (Vernon Supp. 2008). From our reading of Appellant's brief, we can discern two basic complaints about section 22.11. First, Appellant complains that, because of the language of section 22.11, he "was forced to be cloaked in the equivalent of an inmate's uniform in front of the venire panel because . . . [of] the statutory provision that designated that he was an inmate at the time of the alleged offense." According to Appellant, "[t]his statute is facially unconstitutional because it violates [the] presumption of innocence protections that are the bedrock of our judicial system." Second, Appellant complains that "the statute is vague and ambiguous regarding the mental state required to be proved by the State."

Here, when reviewing the trial court's ruling on Appellant's constitutionality challenge, we will apply a de novo standard of review. We will do so because the trial court was not in a better position than this court to determine whether section 22.11 is unconstitutional. *See Eguia v. State*, No. 01-06-01136-CR, 2008 WL 4965178, at *10 (Tex. App.–Houston [1st Dist.] Nov. 20, 2008, no pet.) (citing *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007)). When evaluating the constitutionality of a statute, we initially presume that the legislature has not acted unconstitutionally and that the statute is valid. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). The burden rests upon the individual who challenges the statute to establish its unconstitutionality. *Id.* In the absence of contrary evidence, we will presume that the legislature acted in a constitutionally sound fashion. *Id.*

In regard to Appellant's first complaint that one element of the charged offense is that the defendant be "imprisoned or confined in a correctional or detention facility," Appellant has not met his burden to establish the statute's unconstitutionality. *See* TEX. PENAL CODE ANN. § 22.11(a)(1). This is because we are not persuaded that either the United States or Texas constitutions prohibit the State of Texas from criminalizing acts specific to those engaged in by incarcerated or confined

---

[3] Appellant's motion before the trial court appears to have been based upon the erroneous assumption that Appellant had been charged with a violation of Texas Penal Code section 42.07. *See* TEX. PENAL CODE ANN. § 42.07 (Vernon 2003). Such an assumption could have been based on the grand jury's indictment, which listed the charge as "CHARGE: **Harassment**" and the charging statute as "ARTICLE: **42.07**." As we explain below in our discussion of Appellant's fourth issue, the offense alleged in the indictment was a violation of section 22.11.

persons. *Cf.* ***Old Chief v. United States***, 519 U.S. 172, 174, 117 S. Ct. 644, 647, 136 L. Ed. 2d 574 (1997) (prosecution entitled to present evidence of prior felony where existence of prior felony is element of current offense in question). Indeed, it seems reasonable that the State of Texas would seek to criminalize certain specific conduct occurring in prisons and jails, such as an inmate's assault of another person by throwing urine on him. *Cf.* ***Milligan v. State***, 554 S.W.2d 192, 194 (Tex. Crim. App. 1977) ("We have no difficulty in perceiving a rational basis for the application of the statute to persons convicted of felonies involving an act of violence or threatened violence . . . ."). Further, it would seem impossible for the legislature to draft statutes criminalizing such conduct without making some reference to a person's status as an inmate. We hold that the United States and Texas constitutions do not, in the context of section 22.11, require such a drafting. *Cf.* ***Old Chief***, 519 U.S. at 174, 117 S. Ct. at 647; ***Milligan***, 554 S.W.2d at 194.

Appellant's second complaint, that "the statute is vague and ambiguous regarding the mental state required to be proved by the State," is also unpersuasive. Section 22.11 states that a person does not commit an offense unless they commit the statutorily prohibited conduct "with the intent to assault, harass, or alarm." TEX. PENAL CODE ANN. § 22.11(a). This statutory language is not vague or ambiguous.[4] *See* ***id.*** Even if this portion of the statute were inadequate, any ambiguity would be cured by penal code section 6.02. *See* TEX. PENAL CODE ANN. § 6.02 (Vernon Supp. 2008) ("If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b), intent, knowledge, or recklessness suffices to establish criminal responsibility."); ***West v. State***, 567 S.W.2d 515, 516 (Tex. Crim. App. 1978) ("Although Sec. 30.05, supra, does not prescribe a culpable mental state, we hold that a culpable mental state of intentionally, knowingly, or recklessly is required by Sec. 6.02, supra."). Appellant has failed to meet his burden to establish the unconstitutionality of section 22.11. *See* ***Rodriguez***, 93 S.W.3d at 69. The trial court did not err in overruling Appellant's motion.

**Conclusion**

The record does not reflect that the trial court failed to consider Appellant's motion challenging the constitutionality of section 22.11. *See* ***Word***, 206 S.W.3d at 651. And, the trial court

---

[4] Appellant does not complain of the grand jury's substitution of the word "annoy" in place of the statutorily prescribed "assault" in the indictment. Appellant also does not challenge the presence of this substitution in the jury charge.

was not required to explain the reasons for its ruling. *See Carmouche*, 10 S.W.3d at 328. Finally, Appellant has not met his burden to establish that section 22.11 is unconstitutional. *See Rodriguez*, 93 S.W.3d at 69. Therefore, we overrule Appellant's first issue.

## MOTION FOR NEW COUNSEL

In his second issue, Appellant claims that the "TRIAL COURT ERRED IN DENYING DEFENDANT'S ORAL MOTION FOR AN ATTORNEY." Appellant also argues that the trial court erred by failing to explain the reasons for this denial. The record reflects that, at the pretrial conference, Appellant personally made an oral motion before the trial court that he be provided with a new court appointed attorney.

Rule 38.1(i) of the Texas Rules of Appellate Procedure provides that an appellate brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i) (formerly TEX. R. APP. P. 38.1(h)). When an appellant does not adequately comply with rule 38.1(i), nothing is presented for appellate review. *See State v. Gonzalez*, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993); *Nguyen v. State*, 177 S.W.3d 659, 669 (Tex. App.–Houston [1st Dist.] 2005, pet. ref'd). Here, other than the bare allegation that the trial court erred, Appellant has failed to offer any argument in support of his issue. Because Appellant has failed to provide us with an adequate substantive analysis of his issue, he has presented nothing for our review. We overrule Appellant's second issue.

## MOTION FOR CONTINUANCE

In his third issue, Appellant asserts that the "TRIAL COURT ERRED IN DENYING DEFENDANT'S ORAL MOTION FOR . . . CONTINUANCE IN WHICH TRIAL COURT ERRED BY ALLOWING BOTH SIDES TO PROCEED WITH TRIAL . . . ." Appellant also complains that the trial court erred by failing to explain the reasons for this denial. Finally, Appellant states that "[t]he defendant made a desperate motion that was not taken seriously by the trial court."

The record before us reflects the oral motion made by Appellant was a motion for new counsel, not a motion for continuance. At no point did Appellant request a continuance or otherwise seek additional time to prepare for trial. Further, the trial court did not rule on a motion for continuance or any similar request. The ruling made by the trial court was in relation to the motion

5

for new counsel. Therefore, the errors Appellant complains of did not occur. *See Word*, 206 S.W.3d at 651. We overrule Appellant's third issue. *See id.*; *see also **Pena v. McDowell***, No. 12-05-00116-CV, 2007 WL 949614, at *4 (Tex. App.–Tyler Mar. 30, 2007, no pet.) (mem. op.) (overruling issue after finding that the error complained of did not occur); ***Odom v. Odom***, No. 12-06-00218-CV, 2007 WL 677800, at *1 (Tex. App.–Tyler Mar. 7, 2007, no pet.) (mem. op.) (same).

## PUNISHMENT

In his fourth issue, Appellant alleges that the trial court erred by allowing the jury to assess an excessive punishment. First, Appellant complains that "[t]he record affirmatively establishes that the defense did not have adequate time to prepare for trial due to the lack of time the Brooks Notice was file[d] against the defendant . . . ." As such, Appellant argues that the ***Brooks*** notice was improper. Second, Appellant states that "[t]he enhancement allegations within the Brooks Notice [were] never amended to the indictment nor . . . did the grand jury have a chance to consider such enhancement allegation[s] upon indicting the defendant[,] which limits [the State's] use on the past conduct to impeachment purposes only." According to Appellant, "[i]n order for the jury to be authorized in sentencing Appellant to Ninety-Nine years imprisonment, the Indictment should have been returned to the Grand Jury for Amendment and the inclusion of the paragraphs used for enhancement." Third, Appellant claims that the trial court erred by allowing the jury to consider and impose a range of punishment in excess of that set forth in section 42.07 of the penal code. Appellant argues that these three matters show that the trial court committed reversible error, including violations of the Unites States and Texas constitutions.

The caption of the indictment in question indicates that Appellant was indicted for "CHARGE: **Harassment**" under "ARTICLE: **42.07**." We assume, as Appellant has, that this is a reference to section 42.07 of the Texas Penal Code. This section sets forth the offense of "Harassment." *See* TEX. PENAL CODE ANN. § 42.07 (Vernon 2003). However, the body of the indictment alleges the offense of "Harassment By Persons in Certain Correctional Facilities," a violation of Texas Penal Code section 22.11. *See* TEX. PENAL CODE ANN. § 22.11. We begin our analysis by determining the effect of this inconsistency.

6

The Texas Court of Criminal Appeals has stated that "the caption is really no part of the indictment proper . . . ." *Stansbury v. State*, 128 Tex. Crim. 570, 574, 82 S.W.2d 962, 964 (1935). Therefore, where the caption lists a different offense from the one alleged in the body of the indictment, the body controls. *See Adams v. State*, 222 S.W.3d 37, 52-53 (Tex. App.–Austin 2005, pet. ref'd); 41 George E. Dix et al., *Texas Practice: Criminal Practice and Procedure* § 20.62 (2d ed. 2001) ("If . . . the caption identifies the charged offense as one different than what is actually charged in the charging instrument, this is of no significance. It does not constitute a defect in the charging instrument, nor does it give rise to some sort of fatal variance when the proof at trial shows the offense charged in the instrument proper rather than the offense specified by name in the caption."). As such, the offense alleged in the indictment in question was a violation of section 22.11, not section 42.07.[5]

A violation of section 22.11 is a third degree felony. *See* TEX. PENAL CODE ANN. § 22.11(b). Six days before trial, the State filed a *Brooks* notice indicating the State's intent to seek a higher range of punishment based upon two prior felony convictions: aggravated assault and evading arrest or detention. *See Brooks v. State*, 957 S.W.2d 30, 31-34 (Tex. Crim. App. 1997). Based upon these prior convictions, the range of punishment for the offense properly could be enhanced to imprisonment for a term of twenty-five years to life. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2008).[6] It was not necessary for the indictment to be amended. *See Brooks*, 957 S.W.2d at 31-34.

We note that Appellant alleges this *Brooks* notice was improper because it was not timely filed. However, when a defendant has no defense to the enhancement allegation and has not suggested the need for a continuance to prepare one, notice given as late as the beginning of the punishment phase satisfies both the federal and Texas constitutions. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006). Here, Appellant did not request a continuance and pleaded true to the enhancement allegations contained in the *Brooks* notice. Therefore, the timing of the notice was acceptable. *See id.* at 293 ("Although the *Brooks* opinion did not explicitly refer to the source

---

[5] Appellant raised no complaint before the trial court regarding any alleged defect, error, or irregularity of the form or substance of the indictment. *See* TEX. CODE. CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005) (failure to raise complaint in trial court constitutes waiver of right to later object on appeal).

[6] Because it is unnecessary to do otherwise, this citation is to the most current version of the statute.

7

of the pleading requirement, it did make clear that the requirement did not flow from statutory provisions relating to the indictment, and in fact, we are aware of no statute that requires this type of pleading.").

The jury assessed Appellant's punishment at 99 years of imprisonment. In light of the State's *Brooks* notice, and Appellant's pleas of true, this sentence was within the proper range of punishment. We do not know of any common law, statute, or constitutional provision that would require reversal. *See id.* at 293-94; *Brooks*, 957 S.W.2d at 31-34. Therefore, we overrule Appellant's fourth issue.

## EVIDENTIARY SUFFICIENCY

In his fifth issue, Appellant challenges the legal and factual sufficiency of the evidence that "the substance coming from the defendant[']s cell was urine." Appellant further challenges the sufficiency of the evidence that "the substance was the urine of the defendant."

**Standard of Review**

Evidence is legally insufficient when an appellate court, viewing the evidence in the light most favorable to the judgment, determines that a rational trier of fact could not have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)). We must bear in mind that the factfinder is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *See Barnes v. State*, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). The factfinder is entitled to draw reasonable inferences from the evidence. *See Dudley v. State*, 205 S.W.3d 82, 86-87 (Tex. App.–Tyler 2006, no pet.). Likewise, the reconciliation of conflicts in the evidence is within the exclusive province of the factfinder. *See Losada v. State*, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982).

Evidence is factually insufficient "only if the evidence supporting guilt is so obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the

conviction clearly wrong and manifestly unjust." ***Ortiz v. State***, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). A clearly wrong and manifestly unjust verdict occurs where the jury's finding "shocks the conscience" or "clearly demonstrates bias." ***Zuniga v. State***, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004). In conducting a factual sufficiency review of the evidence, we consider all of the evidence weighed by the jury that tends to prove the existence of the fact in dispute and compare it to the evidence that tends to disprove that fact. *See **Santellan v. State***, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). Although we are authorized to disagree with the jury's determination, even if probative evidence exists that supports the verdict, *see **Clewis v. State***, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996), our evaluation should not substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness testimony. ***Santellan***, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. ***Dudley***, 205 S.W.3d at 89. We cannot declare that a conflict in the evidence renders the evidence factually insufficient simply because we disagree with the jury's resolution of the conflict. *See **Watson v. State***, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). A successful factual sufficiency challenge will result in a reversal of the conviction challenged and remand of the case for a new trial. *See **id.*** at 414.

**Discussion**

We begin by noting that Appellant argues there was no evidence showing that the substance in question was urine or belonged to him. To the contrary, however, the State presented evidence that Appellant was alone in an isolation cell and that he threw urine onto Sergeant Justin Hall, a jailer at the Smith County Jail. The evidence was uncontroverted that, at the time, Appellant was alone, in an isolation cell, with his own private toilet. And, although the testimony was disputed by Appellant, Sergeant Hall testified that the substance thrown by Appellant was urine. Sergeant Hall testified that the substance smelled of urine and that it hit him in the face and went into his mouth. Based on his training and experience, Sergeant Hall had "no doubt" that the substance was urine. Another jailer, Officer Ruby Chimney, also testified that the substance was urine. She based this on the smell of the substance. Two other jailers, Officer Derodric Loftis and Officer Shawn White, testified that they observed urine on the floor after the incident. They both indicated they were able

9

to discern that the substance was urine based upon the smell. Officer White also added that the color appeared consistent with urine. Finally, Appellant offered no explanation as to how he could have had access to a substance that appeared to be urine but was not, or to urine that was not his own.

Appellant argues in his brief that the evidence showed that he "had a colostomy bag that would have [separated] his urine from any liquid in the toilet." Further, Appellant testified that the liquid substance that hit Sergeant Hall was water from his toilet and that his toilet had been flushed sometime before the incident. However, Appellant testified that he was able to empty his colostomy bag, and that he routinely emptied it into his toilet. In short, Appellant's own testimony showed that he had access to the contents of his colostomy bag and that the bag would not prevent his collecting his own urine and throwing it onto someone.

Viewing the evidence in the light most favorable to the judgment, and giving due deference to the factfinder, we hold that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Johnson*, 871 S.W.2d at 186. Further, after considering all of the evidence, we hold that the evidence supporting guilt was not so obviously weak, or the contrary evidence so strong, as to render the conviction clearly wrong or manifestly unjust. *See Ortiz*, 93 S.W.3d at 87. We overrule Appellant's fifth issue.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sixth issue, Appellant argues that trial counsel was unconstitutionally ineffective for "not objecting when the State Cross-Examined the Defendant at the Guilt/Innocence Stage of the trial regarding his Prior Convictions Exhibits Number 6-16 . . . ." Appellant also argues that trial counsel was unconstitutionally ineffective for failing to "object to the State presenting a *Brooks* notice that was filed less than a week before trial."

### Standard of Review

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and is applicable to this appeal. *See Hernandez v. State*, 726 S.W.2d 53, 54-57 (Tex. Crim. App. 1986). To prevail on a claim of ineffective assistance, an appellant must show that his attorney's representation fell below

10

the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Strickland*, 466 U.S. at 687-88, 694, 104 S. Ct. at 2064-65, 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068.

"[A] defendant need *not* show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.*, 466 U.S. at 693, 104 S. Ct. at 2052 (emphasis added); *see Pennington v. State*, 768 S.W.2d 740, 741 (Tex. App.–Tyler 1988, no pet.). The Supreme Court "found this 'outcome determinative' standard . . . too heavy a burden on defendants, and that its use was not appropriate." *Nealy v. Cabana*, 764 F.2d 1173, 1178 (5th Cir. 1985) (citing *Strickland*, [466 U.S. at 693-95], 104 S. Ct. at 2068-69). Instead, "[t]he result of a proceeding can be rendered unreliable . . . even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome."[7] *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2052; *see Doherty v. State*, 781 S.W.2d 439, 442 (Tex. App.–Houston [1st Dist.] 1989, no pet.).

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course, without more, support a finding of ineffectiveness. *See id. But see Ex parte Duffy*, 607 S.W.2d 507, 526 (Tex. Crim. App. 1980) ("Surely at some point 'tactic' becomes an unsatisfactory justification for ineptness. And where silence which results in waiver of potentially reversible error in almost all respects cannot be explained by the practitioner, we are not warranted in excusing his major derelictions."). Further, a reviewing court will not find ineffectiveness by isolating any portion of counsel's representation, but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

---

[7] Generally, an appellant bears the burden of proving, "by a preponderance of the evidence," that counsel was ineffective. *See, e.g., Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). However, no such showing may be required to prove the prejudice prong of *Strickland* - "that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2052 ("[A] defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case."); *see Holland v. Jackson*, 542 U.S. 649, 654-55, 124 S. Ct. 2736, 2738-39, 159 L. Ed. 2d 683 (2004). Therefore, appellate courts should not require a preponderance of the evidence in support of *Strickland's* prejudice prong. However, in relation to the first prong of *Strickland*, the unreasonable deficiency prong, appellate courts should require a preponderance of the evidence.

## Discussion

As discussed above, Appellant testified at trial. On cross examination, the State impeached Appellant's testimony by offering evidence of Appellant's prior convictions. Appellant's trial counsel did not object to the State's impeachment of Appellant. Appellant asserts that trial counsel's failure to object constituted ineffective assistance of counsel. According to Appellant, "[i]n cases like this[,] where Appellant's defense rested almost entirely on his credibility, the weight of authority supports a holding that Appellant's trial lawyer performed deficiently under the first prong of Strickland by allowing the jury to hear prejudicial and clearly inadmissible evidence because this evidence could serve no strategic value including demonstrating that Appellant was not a liar."

Appellant has not set forth in his brief what objections counsel could have made to the evidence in question. And, the record is silent as to why trial counsel did not make an objection. It was Appellant's burden to show, by a preponderance of the evidence, that trial counsel's representation was deficient. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Trial counsel was not required to make frivolous objections as part of his representation of Appellant. *See Edmond v. State*, 116 S.W.3d 110, 115 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd). Because Appellant has not identified any objections trial counsel could have made, he has not met his burden to prove deficient representation. *See Thompson*, 9 S.W.3d at 813.

Similarly, Appellant argues that trial counsel should have objected to the timing of the State's *Brooks* notice. Again, we note that trial counsel was not required to make frivolous objections as part of his representation of Appellant. *See Edmond*, 116 S.W.3d at 115. For the reasons set forth in our discussion of the State's *Brooks* notice, no nonfrivolous objection could have been raised to the timing of that notice. *See Villescas*, 189 S.W.3d at 294. Therefore, trial counsel's conduct was not deficient because of any failure to object to that notice based on its timing. *See Edmond*, 116 S.W.3d at 115.

## Conclusion

Appellant was required to show that trial counsel's representation fell below the standard of prevailing professional norms. *See Strickland*, 466 U.S. at 687-88, 694, 104 S. Ct. at 2064-65, 2068. He was required to do so by a preponderance of the evidence. *See Thompson*, 9 S.W.3d at 813. Because he has failed to do so, we overrule Appellant's sixth issue.

12

**DISPOSITION**

We *affirm* the judgment of the trial court.[8]

   SAM GRIFFITH   
Justice

Opinion delivered September 2, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[8] To the extent that Appellant may have intended to raise additional complaints in his brief, he has either failed to provide citation to the record or authority, or failed to provide substantive argument. Therefore, he has failed to present these complaints for appellate review. *See* TEX. R. APP. P. 38.1(i); *Gonzalez*, 855 S.W.2d at 697; *Nguyen*, 177 S.W.3d at 669.